JOHN C. STETSON v. ADDISON P. COOK ET AL.

*Bona fide purchaser—Cloud on title.*

A sold land to B, and B sold it to C, but the former deed was not recorded, and A sold it again to D who appears to have had notice of the other conveyances. S, hearing that the land had been abandoned, got an abstract of title which showed the conveyance to C. He immediately took a quit-claim from D, leased the land, and filed a bill to remove the cloud on his title. *Held* that he had sufficient notice to put him on inquiry, was therefore not a *bona fide* purchaser, and could not maintain his bill.

Where a purchaser, out of possession, can resort to ejectment, but instead makes an agreement with a tenant in possession by which the latter takes a lease from him in order to enable him to proceed in chancery and prevent a jury from passing upon the good faith of his purchase, he will not be allowed to maintain a bill to quiet title.

Appeal from Calhoun. Submitted November 1. Decided November 21.

BILL to quiet title. Defendant Cook appeals.

*John C. Stetson* in person and *Wm. H. Porter* for complainant. A title based on a recorded deed will prevail against a prior unrecorded deed from the same original grantor, if any *mesne* purchaser under the second deed bought in good faith for a valuable consideration, and without notice of the prior unrecorded deed, *Shotwell v. Harrison*, 22 Mich., 410; *Godfroy v. Disbrow*, Walk. Ch., 260; *Shepard v. Shepard*, 36, Mich., 173; *Loomis v. Brush*, id., 40; *Brown v. Volkening*, 64 N. Y., 76; 3 Washb. R. P., 291.

*G. T. Gridley* for defendant Cook. One cannot maintain a bill to quiet title unless in actual possession of the land when he files the bill, *Stockton v. Williams*, 1 Doug. (Mich.), 546; and the case must not be doubtful, *Tabor v. Cook*, 15 Mich., 322; *Ormsby v. Barr*, 22 Mich., 80; *Barron v. Robbins*, id., 35; a bill to quiet title to unoccupied wild lands cannot be maintained, *Jenkins v. Bacon*, 30 Mich., 154; the chancery court is not the proper tribunal to settle conflicting titles, *Devaux v. Mayor*, Har. Ch., 98; *Blackwood v. Van Vleet*, 11 Mich., 252; all persons holding possession by virtue of an agreement by which the relation of landlord and tenant is created, have no greater rights in the premises as against the landlord than the original contracting party, and cannot attorn to a third person, *Bertram v. Cook*, 32 Mich., 518; *Falkner v. Beers*, 2 Doug. (Mich.), 117; *Lee v. Payne*, 4 Mich., 106; so that the acceptance of a lease from such person would not put him into actual possession and enable him to file his bill to quiet title, *Blanchard v. Tyler*, 12 Mich., 339; *Byrne v. Beeson*, 1 Doug. (Mich.), 179; whatever directs a purchaser's attention to the prior rights and equities of third persons and puts him on inquiry, operates as notice, *Wilcox v. Hill*, 11 Mich., 256; *Curtis v. Mundy*, 3 Met., 405; *Jackson v. Cadwell*, 1 Cow., 622; *Sigourney v. Munn*, 7 Conn., 324; 2 Lead. Cas. in Equity, pt. 1, 111–117.

MARSTON, J. Complainant filed his bill to have a cloud

upon certain real estate which he claimed to own in fee, removed.

It is clear that defendant Cook in 1855 purchased the lands in question, with other lands, from one Watson, and that the conveyance thereof was properly recorded in the county where these lands are situate on the 20th day of February of that year. The premises were afterwards sold by Cook to third parties who entered into possession thereof and made improvements thereon, but being unable to pay the consideration as agreed, the lands passed back, and the title thereto, to defendant Cook. He also leased the premises in 1859, by a written lease, and in 1862, by a written contract, agreed to sell the lands to certain other parties, and that possession was taken by the lessees and grantees under these instruments.

Cook's grantor Watson purchased these and other lands in 1854, from the patentee. Some of the lands embraced in this conveyance were situate in St. Clair county where this conveyance was properly recorded December 29th, 1854, but it was not recorded in the county of Calhoun, where the lands in dispute are situate, until May 23d, 1877. Thus far the evidence is clear and undisputed.

Complainant claims to have purchased these premises in good faith and for a valuable consideration from Hugh McCurdy on the 20th December, 1876, which deed was recorded on the next day; and that McCurdy purchased from the patentee, who was Watson's grantor under the unrecorded deed, July 17, 1871, recorded July 22d of the same year.

There is evidence in the case tending to show that McCurdy, when he purchased, had notice of the previous unrecorded conveyance from the patentee to Watson. Mr. McCurdy was not sworn, and it is not claimed really, that, as the case now stands, he could be considered as a *bona fide* purchaser.

Can complainant be so considered? Complainant

before purchasing obtained an abstract of the property, which showed the conveyances under which Cook claimed title.

At the time he purchased he had not seen the land, and the only information and all the information he had respecting its condition, value, etc., he had obtained from a Mr. Fox, who resided near the premises. Fox informed him that the parties who originally occupied the land had abandoned it; that it had been left for a number of years without any owner apparently, and that a Mr. Ellis was then working the land; that some ten or twenty acres had been cleared and broken up, and a log house built thereon; that no one was occupying the house and it was going to decay. Acting upon this information and without making any farther or other inquiries, except in reference to taxes which he learned had been paid, except a certain ditch tax, he procured an abstract as already mentioned, and wrote to Mr. McCurdy about purchasing the premises. The negotiations resulted in complainant preparing a quit-claim deed for McCurdy to execute which was done and sent to a certain bank, where complainant paid $300 for Mr. McCurdy and obtained the deed.

In February, 1877, complainant went for the first time to see the land. On February 27, he leased the land to Ellis; on the 28th he wrote Cook that he should have to file a bill in chancery to remove the cloud from his title unless he, Cook, would quit-claim to him, and on the following day, March 1st, without awaiting a reply from Cook, the bill of complaint was filed. All this appears from complainant's own testimony.

There was evidence tending to show that Ellis obtained his original possession from parties who had obtained possession from Cook under the land contract referred to, and that he, Ellis, had, at his house just opposite this land, in 1864 or 1865, had a conversation with Cook about it, in which the latter informed Ellis that he had purchased it, and they together went into and examined

the land, and Ellis afterwards sent a person to Cook to ascertain what he, Cook, would take for the land, but the price was placed so high that Ellis did not purchase.

This is but a brief abstract of the principal facts; the impression made from a careful reading of the entire evidence in the case is strong, and cannot be removed by any process of reasoning that complainant had, before purchasing, sufficient notice to have put a careful, prudent man,—one who respected and would be willing to recognize the rights of others,—upon inquiry, but being fearful that farther inquiry would develop facts which would prove injurious to his interests, he carefully abstained therefrom, but procured a deed, endeavored to gain possession, and then hurriedly filed his bill of complaint in order that he might gain some undue advantage thereby. Had the same degree of diligence been observed before he acquired his deed, which was shown afterwards, in discovering that Mr. Cook claimed title to the premises, it is needless to observe he would have invested much less in the purchase than he claims to have done. As an intending purchaser he had sufficient notice of the prior rights or equities of third persons, which would have enabled him to ascertain their nature and extent by inquiry. What proved sufficient after the purchase seems to have been insufficient previous thereto. The facts were the same; his interests were different. *Willcox v. Hill*, 11 Mich., 263; *Hosley v. Holmes*, 27 id., 427.

Complainant, upon still another ground, would be unable to maintain this bill. Before making his agreement of February 27th with Ellis, he was not in the actual possession of the premises, while Ellis was. He could then have commenced an action of ejectment against Ellis and Cook to have recovered the possession. The only apparent object he had in making the agreement with Ellis was to enable him to go into a court of chancery, and thus prevent a jury from passing upon the disputed facts as to the *bona fides* of his purchase.

The statute in authorizing a person in possession to file a bill to quiet his title, was not intended to reach a case where a party by sharp practice acquires possession twenty-four hours before filing his bill, and where previous thereto he had a remedy by ejectment.

The decree must be reversed and the bill dismissed with costs.

The other Justices concurred.