Richards, J.
This case is brought for the purpose of obtaining a perpetual injunction and was tried to the court upon its merits. The original petition was filed in this court on October 10, 1905, arid a temporary injunction allowed, restraining the defendants from entering upon the premises described in the petition and constructing a pipe line for the conveyance of oil until the final hearing. Subsequently an amended and supplemental petition was filed, setting up the claims of the plaintiff more fully, and to this pleading the Buckeye Pipe Line Company has filed an answer.
It appears from the evidence that .in the year 1851 the Toledo, Norwalk & Cleveland Railroad Company entered upon the premises in dispute, being a strip of land one hundred feet wide, *554 extending through lots 62 and 63 in Townsend township, Huron county, for the purpose of constructing thereon its railroad. In August of that year an appraisal was duly made and returned to this court under the law then in force providing for appropriating land for railway purposes. In 1852 the owners of the land executed to the Toledo, Norwalk & Cleveland Railroad Company an instrument whereby they ratified and confirmed the appropriation and released to the company this strip of land one hundred feet wide, to be used and occupied as a site for its railroad bed and other legitimate railroad uses, and for no other purposes. The instrument was placed on record in the recorder’s office in this county, and .the company took possession of the land and constructed its railroad along the middle of the strip. In .the .course of time the rights of that company passed to the Lake Shore & Michigan Southern Railway Company, which has continued to operate .its railroad upon and over the land in question.
On October 4, 1905, the Lake Shore & Michigan Southern Railway Company executed to the defendant, the Buckeye Pipe Line Company, a license to construct along the railroad right of way through Townsend township, an oil pipe line. This license is, by its terms, to last for the period of five years, subject to being terminated by the railroad company at any time that it is found to interfere with the use of the property for railroad purposes, and is in consideration of an annual payment of five dollars to be made by the pipe line company to the railroad company.
In pursuance of this license the Buckeye Pipe Line Company was proceeding to construct its pipe line through Townsend township along the right of way of the railroad from the west, and employing for that' purpose some two hundred men, and had on October 9 reached a point within a mile or two of the strip of land involved in this suit.
The plaintiff before that date had been involved in some trouble with the Lake Shore & Michigan Southern Railway Company and the Standard Oil Company over some claims which he represented and which were not promptly adjusted. It appears that he harbored resentment against these companies', and that the men who were to look after these claims are the same men *555 who are representing the Buckeye Pipe Line Company in getting this right of way. Plaintiff, with knowledge that the pipe line company was constructing its pipe line .along the railroad right of way and that it had strung its pipe upon this land, purchased this strip of land subject to -the right of way of the Lake Shore & Michigan Southern Railway Company. He paid one of the owners one dollar, and agreed to pay the others a sum equal to one-half of what he may be able to get for the land. Pie does not own, nor claim to own, any land abutting on this strip so bought. This purchase was made on October 9, .and this injunction suit was brought the next day, to prevent the pipe line company from constructing its line upon this land. The pipe line is now completed through Huron county, except .across this strip of land. The pipe is laid on the right of way about nine feet south of the north line thereof. A line of telegraph poles and wires extends along the north margin of the right .of wav. On this state of facts what are the rights of the parties ?
It is manifest that the Lake Shore & Michigan Southern Railway Company became the owner many years ago as successor of the Toledo, Norwalk & Cleveland Railroad Company of this strip of land for railroad purposes. The plaintiff, by the deeds of conveyance made to him immediately before this action was brought, became the owner of the fee, subject to whatever right the Lake Shore & Michigan Southern Railway has. It is insisted on the authority of Platt v. Pennsylvania Co., 43 Ohio St., 228, that the railroad by non-user, and by .the license to the defendant company, has abandoned its right to the north part of the right of way, and that -the plaintiff is therefore the absolute owner thereof.
It is no indication.of abandonment that the railroad company has owned this right of way for fifty ye'ars without constructing any track on it except the single track in the middle of the same. Neither does it establish abandonment to show that the railroad has granted a license to the defendant company to maintain a pipe line for five years on the land. The case of Platt v. Pennsylvania Co., supra, was not for an injunction but for compensation. There had been .an absolute sale in perpetuity to another company. It had become apparent in that ease that the *556 original company had appropriated more land than was necessary for its use. In the case at bar the license is only for five years, and the railroad company reserves the right to annul the same at any time it needs the property for railroad purposes. In addition, it is clear that the land over the pipe line might be used for many railroad purposes while it was being used by the defendant to transport oil in the pipe. In the case at bar the landowner was paid for the land what it was appraised at, less $50 benefits, while in Platt v. Pennsylvania Co., supra, the landowner received nothing.
That made a case which appealed strongly to the court and when it appeared that one-fourth of the land was sold for $7,500, the court held it was an abandonment. But that case stands on its own peculiar facts and its doctrine must not be extended. See Pitts. & W. Ry. v. Garlick, 20 C. C., 561, 569 (affirmed in Garlick v. Railway, 67 Ohio St., 223).
The title which the plaintiff bought is at the best, subject to an an easement in the Lake Shore & Michigan Southern Railway Company for as long a time as the property shall be used for railway purposes. The license to the Buckeye Pipe Line Company for five years can be but a trivial charge upon this fee, which is .already burdened with the railroad right of way. It may be that the title of plaintiff, slight as it is, would under ordinary circumstances be protected against the defendant company by injunction, especially if he owned the abutting land. See Schaaf v. Railway, 66 Ohio St., 215; C., H. & D. Ry. v. Wackter, 70 Ohio St., 113.
Such an injunction would result in injury to the defendant altogether out of proportion. to the benefit it would confer on the plaintiff. See Erie Ry. v. Railway, 21 N. J. Eq., 283, 293; Detroit City Ry. v. Mills, 85 Mich., 634.
But there is a principle of equity which I think requires the court to refuse an injunction in this case. It is that rule of wide application which has been embodied in the maxim, “He who comes into equity, must come with clean hands.” The plaintiff bought his interest in this land for the express purpose of taking advantage of the supposed necessities of the Buckeye Pipe Line Company. He did it because he was actuated by an im *557 proper motive. He bought just before the pipe line company reached this location in laying its‘-pipe. He did not buy to make an investment, nor to resell at a fair price, but to force recognition by an injunction suit which should bring the company to his terms. He owns no abutting land. This conduct does not appeal to a court of equity. • He .asks a court of equity to aid, him in taking advantage of the situation. Without touching upon his legal rights to recover compensation in a court of law, it seems clear that a court of equity can not aid him by injunction.
As said in Power’s Appeal, 125 Pa. St., 175:
“If an injunction is prayed for where, upon a consideration of the whole case, it ought not in good conscience to issue, a •mere legal right in the plaintiff will not move the chancellor.”
This is in harmony with the line of cases which hold that the location of a- railroad through a public street, in a line not warranted by law, will not 'be enjoined at the instance of an owner of an unimproved building lot suffering no present detriment.
In Piedmont & C. Ry. v. Speelman, 67 Md., 260, it was held:
“A court of equity will not lend its aid to an assignee of a lease of land through which a railroad company seeks to condemn a right of way, and enjoin it from so doing, when it is shown that the assignee is the president of a rival road, and denies the power of the first company to condemn the land under its charter, but will leave him to his remedy at law. Under ordinary circumstances Mayer (the president) would have been entitled to an injunction to restrain the entry of the road upon the leased premises until, either by agreement or condemnation, he was paid for his .interest. But the several records now before the court disclose beyond a reasonable doubt that the purchase by Mayer of this lease was for the sole purpose of throwing obstacles in the Tyay of the completion of the road,” etc.
The court held that whatever his legal rights might be, a court of equity would not aid him. Citing Wood v. Railway, 33 , Beav., 291.
The maxim referred -to above means that equity refuses to lend its aid in any way to one seeking its active interposition, *558 who has been guilty of inequitable conduct in the matter with relation to which he sgeks relief. 16 Cyc., 144; Kinner v. Railway, 69 Ohio St., 339; 1 Pomeroy, Eq. Jurisp., Section 397; see Michigan Pipe Co. v. Ditch, P. L. & R. Co., 111 Fed. Rep., 284.
A. V. Andrews, for plaintiff.
A. M. Beattie and C. P. & L. W. Wickham, contra.
An adverse claimant of land who purchases a lease or procures a tenant to attorn to him, gains no rights in equity by the possession so obtained. Stetson v. Cook, 39 Mich., 750.
An .action for damages or compensation is a matter of right, but an injunction is- of grace. Hilliard, Injunctions, 15.
Counsel for defendant insists that the plaintiff has not shown himself to be the real party in interest, citing Brown v. Ginn, 66 Ohio St., 316, but I prefer to rest the decision on the grounds above set forth.
For the reasons given, a decree will be entered for the defendants, and the .injunction dissolved.