### THE PEOPLE *vs.* HOFFMAN.

In an action of debt to recover the penalty incurred by a violation of the provisions of the fourth section of the act prohibiting the manufacture of intoxicating beverages and the traffic therein, (*S. L.* 1853, *p.* 100,) the defendant is not entitled to a trial by a jury, on his demand for the same, without paying the Justice the lawful fees of the jurors.

Case reserved from the Monroe Circuit.

————, for the people.

*Backus & Harbaugh*, for defendant.

The defendant was entitled to a jury without paying a fee. The provisions of the Constitution are : In every criminal prosecution the accused shall have the right of a trial by jury. (*Const.*, *Art.* 6, § 28.) The very terms of the act clearly characterize the present as a *criminal prosecution*. (*S. L.* 1853, 103, § 4.) Section 5 of the same act provides that any *forfeiture or penalty* arising under the above section may be recovered by an action of debt, prosecuted by the common council of any city or incorporated village, supervisor of any township, or by any person resident of the city, &c.; and all moneys recovered for a violation of this section, &c., to be appropriated to the support of the township library, &c. All the terms used under this act indicate its character as criminal.

The terms used in this act, *ex vi termini*, characterize it as a criminal one. Forfeiture is a punishment annexed by law to *some* illegal act. (*Bouv. L. D. Tit. Forfeiture; Tom. L. D. Tit. Forfeiture.*) Conviction in its most extended sense signifies the giving judgment against a defendant, whether criminal or civil. In a more limited sense, it means a judgment against a criminal. (*Bouv. L. D. Tit. Conviction; Tom. L. D. Tit. Conviction.*) *Prosecution* is the means adopted to bring an offender to justice and punishment by due course of law. (*Bouv. L. D. Tit. Prosecution; Tom. L. D. Tit. Prosecution.*)

These terms, as well as the disposition of the penalty or forfeiture and mode of prosecution in the name of the people, clearly indicate this as a *criminal prosecution;* and so also do the terms made use of in the statute on the subject of appeals. (*S. L.* 1853, *p.* 105, § 9.)

This proceeding can alone be prosecuted in the name of the people, and has all the elements of a criminal prosecution.

32

It is a mode of executing the criminal laws of the State, and cannot be compounded. Even a *qui tam* action cannot. (9 *J. R.* 252; 10 *Ib.* 118; 11 *Ib.* 474; 6 *N. H.* 200.)

A *qui tam* suit is not a civil suit. (1 *Root.* 436.)

Much less a prosecution in the name of the people, as in this case.

By the Court, WING, J.

This case is an action of debt, commenced and tried before a Justice of the Peace, and was removed to the Circuit Court for the County of Monroe, where it was reserved by the Circuit Judge for the opinion of the Supreme Court, upon the question whether on the trial of the cause before the Justice, the defendant was entitled to have a jury on his demand for the same, without paying the Justice the lawful fees of the jurors?

The action was brought to recover the forfeiture incurred by the defendant, for a violation of the provisions of the fourth section of an act entitled an act prohibiting the manufacture of intoxicating beverages, and the traffic therein; see session laws of 1853, page 100. That section provides that: " if any person shall sell," &c., " he shall forfeit, and pay on the first conviction, ten dollars and the costs of prosecution, and shall stand committed until the same be paid."

This action is brought under the fifth section of the act, which provides that any forfeiture or penalty arising under the above section, may be recovered by an action of debt, before any Justice of the Peace, or Judge of any municipal or police Court in the county where the offence was committed."

It is insisted by the Counsel for the defendant, that this is a criminal prosecution, and therefore, the defendant was entitled to a jury without paying the fees for the same, under the provisions of the twenty-eighth section of article six of the Constitution, by which it is declared, that " in every criminal

prosecution, the accused shall have the right to a speedy and public trial, by a jury which may consist of less than twelve men, in all Courts not of record."

By the 11th section of chapter 128, R. S., p. 561, it is provided that "where any act or omission is punishable according to law, by a fine, penalty, or forfeiture and imprisonment, or by such fine, penalty, forfeiture or imprisonment, in the discretion of the Court, such act or omission shall be deemed a misdemeanor."

Thus, the act for which the penalty was incurred, which is sought to be recovered in this action, is declared to be a misdemeanor, that is, it may be indicted in the Circuit Court. Complaint might be sustained before a justice.

But, must the incidents of the trial of a civil action like this, be the same as those in a *prosecution*, strictly and technically so called?

One of the remedies given for a breach of the law, is an action of debt. The first process is a summons, because there is no affidavit filed, or complaint made, upon which a warrant can be issued. The declaration is in debt, and the plea must be the same, that it may be in an action of debt, and if after the issue is joined, the defendant desires a jury, he must demand the same and pay the jurors' fees. The judgment must correspond with the form of the action, with this addition, that the defendant must be ordered to stand committed until the judgment is paid; this last provision is made in lieu of an execution, as in ordinary cases of judgment in debt. There is no way in which an action of debt can be commenced and proceeded in, under chapter 94 of the R. S. The commencement of proceedings under that chapter, must be by complaint, in which case the defendant on a trial, would be entitled to a jury of twelve men. That would be a prosecution in the sense in which the word is used in the section of the Constitution which we have cited. An indictment would also be such a prosecution as is there con-

templated, but we think a civil action like this, is not embraced by that section of the Constitution. It is true, that in determining whether a forfeiture is incurred, the same facts are introduced in evidence as would be shown upon the trial of an indictment upon the same section, and the effect of the judgment in both cases may be the same, so far as the defendant is concerned; in both cases, he is adjudged to pay the forfeiture, and to stand committed until it is paid, but in the civil action, the law applicable to all civil actions must govern.

It will be seen that if the 28th section of the 6th article of the Constitution applies to this case, then no remedy but by indictment would be sustained for any violation of the provisions of the law in question. For a Justice could not entertain a civil action of debt under chap. 94, and he could not entertain it under chap. 93, § 76. Because if the Constitution is applicable, no legal provision is made for drawing either twelve or a less number of jurymen. The provision in chap. 93 only relates to civil cases.

Let it be certified to the Circuit Court for the County of Monroe as the opinion of this Court, that the defendant was not entitled to a jury on the trial before the Justice without his first advancing the fees for the jurors.