CONSERVATION DEPARTMENT v. BROWN.

1. JURY—DEMAND—ILLEGAL USE OF FISH NETS.
   The failure to offer proofs as to whether defendants were making illegal use of their fish nets may not be taken as an admission, particularly after denial of their demand for a jury trial so as to destroy right to a jury trial because only questions of law are then involved (CL 1948, §§ 300.14, 308.5 [h]).

2. SAME—PRESERVATION OF RIGHT BY CONSTITUTION.
   The right to trial by jury is preserved by the Constitution in all cases where it existed prior to the adoption of the Constitution (Const 1908, art 2, § 13).

3. SAME—CONSTITUTIONAL GUARANTY—SUBSEQUENTLY-ENACTED STATUTES.
   The constitutional guaranty of right to trial by jury applies to cases arising under statutes enacted subsequent to adoption of the Constitution, which are similar in character to cases in which the right to jury trial existed before the Constitution was adopted (Const 1908, art 2, § 13).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–5, 8] 23 Am Jur, Forfeitures and Penalties § 18; 31 Am Jur, Jury § 3 et seq.
[1–8] Right to jury trial in case of seizure of property alleged to be illegally used.  17 ALR 568; 50 ALR 97.
[6–10] 22 Am Jur. Fish and Fisheries § 55.
[9] 20 Am Jur. Evidence §§ 394, 395; 47 Am Jur, Searches and Seizures § 52.
[10] Forfeiture of property for unlawful use before trial of individual offender.  3 ALR2d 738.

4. SAME—PRESERVATION OF RIGHT—CHANGE TO CHANCERY SIDE.

The right to trial by jury, in cases where it existed prior to adoption of the Constitution, may not be defeated by enactment of a statute providing for trial on the chancery side of issues formerly triable in proceedings at law (Const 1908, art 2, § 13).

5. SAME—COMMON LAW—SUMMARY PROCEEDINGS—WAIVER.

The right to trial by jury of questions of fact, triable by a jury at common law, cannot be destroyed by statutory change of the form of action or creation of summary proceedings to dispose of such issues without a jury, in the absence of conduct amounting to waiver (Const 1908, art 2, § 13).

6. FISH—NETS USED ILLEGALLY IN PUBLIC WATERS—CONFISCATION—NUISANCE—CONTRABAND—EQUITY.

Statutory proceeding for confiscation of fish nets being used illegally in public waters, wherein review is provided for by appeal in the nature of certiorari, and not declaring nets used unlawfully to be a nuisance or contraband is not equitable in nature (CL 1948, §§ 300.14, 308.5 [h]).

7. SAME—CONFISCATION OF NETS—PROCEEDING IN REM.

Statutory proceeding for confiscation of fish nets being used illegally in public waters is not a criminal proceeding but a proceeding *in rem,* to recover a penalty, and has as its purpose prevention of illegal fishing (CL 1948, §§ 300.14, 308.5 [h]).

8. JURY—CONSTITUTIONAL LAW—CONFISCATION OF NETS USED ILLEGALLY IN PUBLIC WATERS—COMMON LAW.

The provision of the Constitution that the right to trial by jury shall remain has no application to statutory proceeding for summary confiscation of fish nets used illegally in public waters, since it is not a cause of action known to the common law in which a jury trial was accorded prior to the adoption of the Constitution (Const 1908, art 2, § 13; CL 1948, §§ 300.-14, 308.5 [h]).

9. FISH—NETS—PUBLIC WATERS—SEARCHES AND SEIZURES.

Seizure of fish nets some 10 miles from shore which were being used illegally in that they were set in public waters more than 80 feet deep, contrary to statute, was not the result of an illegal search, since the patrolling officers were within their rights in patrolling the public waters, measuring their depth and seeing what was plainly there to be seen, it being the statutory duty of the officers to seize the nets, hence

motion to suppress evidence of seized nets was properly denied (CL 1948, §§ 300.11, 300.14, 308.5 [h]).

10. Same—Confiscation of Nets—Illegal Use in Public Waters —Criminal Proceedings.

The statute providing for confiscation of fish nets being used illegally in public waters does not intend that conviction on a criminal charge of illegal use of nets contrary to statute be a prerequisite to confiscation proceedings (CL 1948, §§ 300.14, 308.5 [h]).

Appeal from Iosco; Dehnke (Herman), J. Submitted June 6, 1952. (Docket No. 43, Calendar No. 45,322.) Decided December 9, 1952.

Action by State Conservation Department against Norman Brown and others to condemn net and leader. Judgment for plaintiff. Defendants appeal. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Nicholas V. Olds* and *Florence Clement Booth,* Assistants Attorney General for plaintiff.

*B. J. Tally (John X. Theiler,* of counsel), for defendants.

Dethmers, J. Under authority of CL 1948, § 300.14 (Stat Ann 1951 Rev § 13.1224) plaintiff filed a complaint in circuit court alleging that a certain fish net of greater value than $300, seized by it and owned by defendants, had been set and used illegally in the waters of Lake Huron, contrary to CL 1948, § 308.5(h) (Stat Ann 1949 Cum Supp § 13.1496[h]), and praying for its condemnation and confiscation. The statutory citation or show cause order issued. Defendants filed an answer and a demand for jury trial, which was denied. On trial plaintiff put in proof of the illegal use of the net, at the conclusion

of which defendants rested without offering proofs. From an order of condemnation and confiscation they appeal, on leave granted.

Did denial of a jury trial constitute error? Plaintiff cites authorities (*e.g., Peoples Wayne County Bank* v. *Wolverine Box Co.,* 250 Mich 273 [69 ALR 1024]) for the proposition that parties are not entitled to a jury trial where there is no dispute on the facts and only questions of law are involved. The point is not well taken. Defendants' answer controverted plaintiff's allegations of illegal use of the net. Defendants have never admitted an illegal use and their failure to offer proofs on the subject may not be taken as an admission, particularly after denial of their demand for a jury trial.

The statute under which these condemnation proceedings were brought is silent on the subject of a jury. Michigan Constitution 1908, art 2, § 13, provides, as did Michigan's previous Constitutions, that "The right of trial by jury shall remain." Thus the right to trial by jury is preserved in all cases where it existed prior to adoption of the Constitution. *Tabor* v. *Cook,* 15 Mich 322; *Swart* v. *Kimball,* 43 Mich 443. The constitutional guaranty applies to cases arising under statutes enacted subsequent to adoption of the Constitution, which are similar in character to cases in which the right to jury trial existed before the Constitution was adopted. *Guardian Depositors Corp.* v. *Darmstaetter,* 290 Mich 445. The right to trial by jury, in cases where it existed prior to adoption of the Constitution, may not be defeated by enactment of a statute providing for trial on the chancery side of issues formerly triable in proceedings at law. *Tabor* v. *Cook, supra; Edwards* v. *Symons,* 65 Mich 348; *Kamman* v. *City of Detroit,* 252 Mich 498. Where there are questions of fact to be determined and the issues are such that at common law a right to jury trial existed, that right cannot be

destroyed by statutory change of the form of action or creation of summary proceedings to dispose of such issues without jury, in the absence of conduct amounting to waiver. See *Risser* v. *Hoyt,* 53 Mich 185.

The precise question presented, then, is whether the proceedings here are of such character that a jury trial would have been available before adoption of the Constitution. Plaintiff says the proceedings are equitable in nature, as for abatement of a nuisance, and that in such cases juries were not employed prior to the Constitution. The statute under which this suit is brought does not provide, however, for an action in chancery. The procedure therein specified, including appeal in the nature of certiorari, is distinctly foreign to chancery and the proceedings are definitely not equitable in nature. Furthermore, the legislature did not declare nets used unlawfully to be a nuisance. Such nets may be put to a lawful use. They are not contrabrand. Cases cited holding that a jury trial is not essential in situations involving nuisances or contrabrand are, therefore, not in point.

Defendants do not claim that this is a criminal case, nor is it criminal in nature and for that reason entitled to be tried by jury. It is a proceeding *in rem,* to recover a penalty, and has as its purpose prevention of illegal fishing. See, in this connection, *People* v. *Hoffman,* 3 Mich 248.

Defendants cite authorities (*Minnie* v. *Port Huron Terminal Co.,* 269 Mich 295; *Mack S.S. Co.* v. *Thompson,* 100 CCA 57 (176 F 499); 1 Am Jur, pp 549, 556; *Delaney Forge & Iron Co.* v. *The Winnebago,* 142 Mich 84 (113 Am St Rep 566), affirmed in (*The Winnebago*) 205 US 354 [27 S Ct 509; 51 L ed 836]; *C. J. Hendry Co.* v. *Moore,* 318 US 133 [63 S Ct 499; 87 L ed 663]), which consider the effect of the grant, by article 3, § 2, Constitution of the United States,

to the Federal judiciary of power over all cases of admiralty and maritime jurisdiction and note that Federal power in the field is exclusive, except as the judiciary act of 1789 saved to State courts jurisdiction to afford a common-law remedy in that field where the common law is competent to give it. From this defendants conclude that the action at bar is either in admiralty, prohibited to the States, or an action at common law and, therefore, one in which a jury trial was guaranteed. The difficulty with defendants' contention is that, if it be assumed that the action is one as at common law, authorities antedating adoption of the Michigan Constitution appear to be lacking to establish that it is of such character that trial by jury necessarily followed as a matter of right. In point is the following from *State* v. *Kelly,* 57 Mont 123 (187 P 637), where the court, in upholding the constitutionality of a statute authorizing a proceeding *in rem* against intoxicating liquors and their condemnation as forfeited property, said:

"Such summary proceedings as were known to the common law were not triable by jury as a matter of right. (4 Bl. Com. 280.) Summary proceedings of this character authorized by the State in the exercise of its police power and designed to effectually suppress the unlawful traffic in intoxicating liquors were unknown to the common law or to the statutory laws of this territory at the time our Constitution was adopted, and are not comprehended in the guaranty of trial by jury. Upon this question there is some diversity of opinion, but the decided weight of authority and the better reasoning support the view herein indicated.   *   *   *

"It would not be questioned by anyone that if the forfeitures of the liquors were a part of the penalty imposed upon a defendant for a violation of the law, the right of trial by jury would obtain; but, as observed heretofore, this proceeding is *in rem,* entirely

distinct from, and independent of, the criminal prosecution and having different objects and results in view."

Defendants fairly and properly state that for collection of forfeiture cases resort should be had to 17 ALR 568, 50 ALR 97, and 23 Am Jur, p 614. The mentioned American Jurisprudence citation, namely 23 Am Jur, Forfeitures and Penalties, § 18, contains the following:

"While property that is ordinarily used for unlawful purposes and is decreed to be a nuisance per se may be forfeited without a trial by jury under the police power of the State, that is altogether a different proposition than the right to forfeit property that is ordinarly used for lawful purposes, wherein an issue of fact may be joined as to whether or not the property was being used for an unlawful purpose. In trials in the State courts for forfeiture of property capable of lawful use, the position has been taken in some jurisdictions that the statutes must provide for trial by jury, and if they do not do so, they are unconstitutional as violating the provisions of the State Constitution guaranteeing the right to trial by jury. Elsewhere, however, it has been held that a statute may validly prescribe the forfeiture of property ordinarily used in a lawful manner, such as automobiles, without permitting a trial by jury, on the theory that such condemnation is not under a cause of action known to the common law, to which causes the constitutional guaranty of trial by jury extends, but is under a new cause of action created by statute, a statutory proceeding for the forfeiture and condemnation of property which was unknown to the legal system at the time when the State Constitution was adopted."

We incline to the latter view, believing that these proceedings are not under a cause of action known to the common law, but are under a new cause of action, created by statute, which was unknown to the

legal system of this State when the Constitution was adopted. In *Ball* v. *Ridge Copper Co.*, 118 Mich 7, this Court had under consideration PA 1893, No 206, § 72, which provided that courts might issue writs of assistance to place one who had perfected a tax title in possession of the premises. In disposing of defendant's claim that he had a constitutional right to a jury trial on the question of right to possession, this Court referred to *State Tax-Law Cases*, 54 Mich 350, 363, in which the State had brought a proceeding to enforce its tax lien, and quoted from the latter as follows:

"It is a different proceeding altogether from any which was known to our jurisprudence in 1850. It is a new proceeding, and therefore, if jury trial cannot be had in it, that method of trial is not cut off, but is simply not given. There is nothing in the Constitution which renders it necessary to provide for jury trial in new cases. The constitutional provision is, 'The right of trial by jury shall remain,' by which we are to understand merely that it is retained for the cases in which it existed before."

We are not persuaded that this is a cause of action known to the common law in which a jury trial was accorded prior to adoption of the Constitution of this State. Accordingly, we are constrained to hold that Michigan Constitution 1908, art 2, § 13, has no application here.

Defendants contend that the net was illegally seized as the result of an illegal search and that the court erred in denying their motion to suppress the evidence thereby obtained. Pertinent facts are that plaintiff's officers, while patrolling Lake Huron by boat, came upon defendants' net set about 10 miles from shore in water which their fathometer disclosed was more than 80 feet deep. They then took a sounding by chain which confirmed the depth. The statute (CL 1948, § 308.5[h] [Stat Ann 1949 Cum Supp

§ 13.1496(h)]) prohibits the use of such net in the waters of Lake Huron, if set in water of a depth greater than 80 feet. The officers then lifted the net and seized it. These proceedings followed. No illegal search is involved. The officers were within their rights in patrolling the public waters of Lake Huron, measuring their depth, and seeing what was plainly there to be seen, namely, defendants' nets. This violated no right of defendants. On that basis and without search of defendants' or anyone's private property, the officers were able to and did observe that the net was set and being used, in a public place, in a manner and place violative of the statute. Seizure thereupon became their duty (CL 1948, § 300.11 [Stat Ann 1949 Cum Supp § 13.1221]). Defendants say, however, that the subsequent examination of the nets constituted illegal search. They urge that while an arrest for probable cause may be made in cases of felony, in misdemeanor cases an arrest may be made without warrant only when the offense is committed in the officer's presence and that the right of search without a warrant is coextensive with the right to make an arrest without a warrant. However sound defendants' theory of the law in this regard may or may not be, suffice it to say that the net was being used unlawfully at the time and place in question in the very presence and view of the officers. The misdemeanor was committed in the presence of the officers. The court correctly denied defendants' motion to suppress.

Finally, it is defendants' position that conviction on a criminal charge of illegal use of the net contrary to statute (CL 1948, § 308.5[h] [Stat Ann 1949 Cum Supp § 13.1496(h)]) is a prerequisite to these proceedings. At the time of the hearing below in the instant case, criminal proceedings had not yet reached trial. The statute does not so require in express terms, nor do we discern therein any evidence

of a legislative intent to that effect. The case of *Osborn* v. *Charlevoix Circuit Judge,* 114 Mich 655, construing a former statute there involved, is not in point in construing the present statute, the provisions of which are clearly distinguishable.

Affirmed, with costs to plaintiff.

BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.