MEYER v DEPARTMENT OF TREASURY

Docket No. 68459. Submitted July 19, 1983, at Lansing.—Decided
    September 28, 1983.

    The Department of Treasury issued to Marcel G. Meyer a notice
    of assessment for unpaid income taxes. Following an informal
    hearing, the department issued a final assessment against
    Meyer in the amount of $2,104.61 in accordance with the
    recommendation and findings of the hearing officer. Meyer
    petitioned the Michigan Tax Tribunal for a redetermination of
    the assessment. With the petition was a demand for a jury
    trial. The Michigan Tax Tribunal denied the demand for a jury
    trial. Petitioner appeals by leave granted, urging that the
    tribunal erred in denying his demand for a jury trial. *Held:*

    The Michigan Constitution preserves the right to trial by
    jury in all civil cases in which a right to a trial by jury existed
    at common law at the time the state's first constitution was
    adopted. A hearing before the Michigan Tax Tribunal is not a
    proceeding which existed at common law prior to the adoption
    of the Michigan Constitution in 1835; accordingly, a party does
    not have a right under the Michigan Constitution to a jury
    trial in the Michigan Tax Tribunal. The right to a jury trial in
    civil cases contained in the United States Constitution has not
    been held to be an element of due process applicable to state
    courts.

    Affirmed.

CONSTITUTIONAL LAW — JURY TRIAL — TAX TRIBUNAL.

    The right to a jury trial is preserved by the Michigan Constitu-
    tion in all civil cases where that right existed prior to the
    original adoption of the constitution in 1835; a hearing before
    the Michigan Tax Tribunal is not a proceeding that existed at
    common law prior to the adoption of the Michigan Constitution
    in 1835; accordingly, a party appearing before the Michigan
    Tax Tribunal does not have a constitutional right to a trial by
    jury (Const 1963, art 1, § 14).

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury § 17.

Marcel G. Meyer, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Robert C. Ward,* Assistants Attorney General, for respondent.

Before: BEASLEY, P.J., and ALLEN and G. R. DE-NEWETH,* JJ.

PER CURIAM. In this appeal, we are asked to determine whether a party has the right to a jury trial in a proceeding before the Michigan Tax Tribunal.

On October 5, 1981, respondent, Michigan Department of Treasury, issued a notice to assess petitioner, Marcel G. Meyer, $2,104.61 for unpaid state income taxes.[1] At petitioner's request, an informal hearing was held before a hearing officer on January 14, 1982. On September 29, 1982, respondent, based on its hearing officer's recommendations and findings, issued a final assessment against petitioner.

On October 21, 1982, petitioner filed a petition for redetermination with the Michigan Tax Tribunal,[2] which included a demand for a jury trial. On

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 205.23(1); MSA 7.657(23).

[2] Appeals to the Tax Tribunal from Department of Treasury decisions, orders, or assessments are governed by MCL 205.22; MSA 7.657(22).

"A person aggrieved by an assessment, decision, or order of the department, may appeal the contested portion of an assessment, decision, or order to the tax tribunal within 30 days, or to the court of claims within 90 days after the assessment, decision, or order. The uncontested portion of an assessment, order or decision must be paid as a prerequisite to appeal. * * * An appeal by right from a decision of the tax tribunal or the court of claims may be taken by the taxpayer or the department to the court of appeals. The appeal shall be taken on the record made before the tax tribunal or the court of claims. Further appeal to the supreme court may be taken by the

November 24, 1982, the Tax Tribunal denied the demand for jury trial. From this ruling, petitioner appeals by leave granted.

Petitioner contends that he has a constitutional right to a jury trial in the Michigan Tax Tribunal, based on Const 1963, art 1, § 14 which provides:

"The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law."

In *Conservation Dep't v Brown*,[3] plaintiff filed an action in the circuit court seeking to confiscate an illegal net used by the defendants during fishing excursions in Lake Huron. On appeal, defendants argued that the trial court erred in denying their motion for a jury trial. The *Brown* Court discussed the application of the constitutional right to a jury trial:

"The statute under which these condemnation proceedings were brought is silent on the subject of a jury. Michigan Constitution 1908, art 2, § 13, provides, as did Michigan's previous Constitutions, that 'The right of trial by jury shall remain.' Thus the right to trial by jury is preserved in all cases where it existed prior to adoption of the Constitution. The constitutional guaranty applies to cases arising under statutes enacted subsequent to adoption of the Constitution, which are similar in character to cases in which the right to jury trial existed before the Constitution was adopted. The right to trial by jury, in cases where it existed prior to adoption of the Constitution, may not be defeated by enactment of a statute providing for trial on the chancery side of issues formerly triable in proceedings at law. Where there are questions of fact to be determined and the issues are such that at common law a right to

taxpayer or the department in accordance with the court rules provided for appeals to the supreme court."

[3] 335 Mich 343; 55 NW2d 859 (1952).

jury trial existed, that right cannot be destroyed by statutory change of the form of action or creation of summary proceedings to dispose of such issues without jury, in the absence of conduct amounting to waiver." (Citations omitted.)[4]

After discussing the nature of the cause of action involved in the case, the *Brown* Court held that defendants were not entitled to a jury trial:

"We incline to the latter view, believing that these proceedings are not under a cause of action known to the common law, but are under a new cause of action, created by statute, which was unknown to the legal system of this State when the Constitution was adopted. * * *

"We are not persuaded that this is a cause of action known to the common law in which a jury trial was accorded prior to adoption of the Constitution of this State. Accordingly, we are constrained to hold that Michigan Constitution 1908, art 2, § 13, has no application here."[5]

In *State Tax-Law Cases,*[6] the state, under the tax law of 1882, filed a complaint in the circuit court to enforce its tax lien against the owner of a parcel of land. The respondent challenged the constitutionality of the act, contending, among other things, that it abrogated his common-law right of trial by jury. On behalf of an equally divided Court, Justice COOLEY stated that the proceeding was not a cause of action known to the common law in which jury trials were available prior to the adoption of the Michigan Constitution:

"The third objection is that the Act 'cuts off the

---

[4] 335 Mich 346-347.

[5] 335 Mich 349-350.

[6] 54 Mich 350; 20 NW 493 (1884).

common-law right of trial by jury,' which is said to have existed in 'such cases' when the present State Constitution was formed, and therefore to be of right now.

"This objection is not so specific as would be desirable. It assumes that there was a class of cases in which jury trial was matter of right, and that this case belongs to that class; but it does not undertake to specify the class, or to point out how or why this case belongs to it. This case is a proceeding in equity instituted by the State to enforce against a parcel of land a lien which it claims for taxes; and it is a different proceeding altogether from any which was known to our jurisprudence in 1850. It is a new proceeding, and therefore if jury trial cannot be had in it, that method of trial is not *cut off,* but is simply *not given.* There is nothing in the Constitution which renders it necessary to provide for jury trial in new cases. The constitutional provision is, 'the right of trial by jury shall *remain;'* by which we are to understand merely that it is retained for the cases in which it existed before."[7]

In our view, a hearing before the Michigan Tax Tribunal is not a proceeding that existed at common law prior to the adoption of the Michigan Constitution in 1835. The predecessor of the Michigan Tax Tribunal, the State Board of Tax Appeals, was specifically created by statute in 1941.[8] Therefore, we conclude that a party appearing in the Michigan Tax Tribunal does not have the right to a trial by jury under Const 1963, art 1, § 14.[9]

We note that in *Curtis v Loether,*[10] the United States Supreme Court observed that the right to a jury trial in a civil case, US Const, Am VII, has

---

[7] 54 Mich 362-363.

[8] 1941 PA 122, §§ 7-9. The powers and duties of the Michigan Tax Tribunal are set forth at MCL 205.701 *et seq.;* MSA 7.650(1) *et seq.*

[9] In *Freissler v State Highway Comm,* 53 Mich App 530, 535-536; 220 NW2d 141 (1974), *lv den* 393 Mich 757 (1974), this Court held that a litigant does not have a fundamental right to a jury trial in the Court of Claims under the state constitution.

[10] 415 US 189, 192, fn 6; 94 S Ct 1005; 39 L Ed 2d 260 (1974).

not been held to be "an element of due process applicable to state courts through the Fourteenth Amendment".

In accordance with that decision, we hold that the within case does not involve the alleged denial of a federal constitutional right.

Affirmed.