*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS A. VANDUINEN,

       Plaintiff-Appellant,

v

STATE OF MICHIGAN and MICHIGAN STATE
POLICE,

       Defendants-Appellees,

and

OFFICER JOHN DOE and OFFICER JANE DOE,

       Defendants.

UNPUBLISHED
February 21, 2023

No. 358981
Court of Claims
LC No. 21-000141-MB

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Plaintiff, Thomas A. VanDuinen, appeals by right an order of the Court of Claims granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) to defendants, State of Michigan, Michigan State Police, Officer John Doe, and Officer Jane Doe, on the basis that defendants were properly retaining plaintiff's property as possible evidence to be used at a future trial. We affirm.

## I. FACTUAL BACKGROUND

An Alpena County magistrate issued two warrants for properties instructing officers to seize, among other things, electronic devices for forensic examination. Asserting that the seized devices contained his business records, plaintiff filed a complaint against the Michigan State Police in the Alpena Circuit Court, which the court dismissed after ruling that the Court of Claims had exclusive jurisdiction over plaintiff's action. Plaintiff then filed a complaint in the Court of Claims, asserting that defendants had improperly retained his property beyond what was allowed under MCL 600.4706, and had violated his civil rights under 42 USC 1983. As part of his

complaint, plaintiff asserted that the warrants were invalid because they lacked probable cause, the signature was illegible, and the bar number was not associated with any judge.

Defendants moved for summary disposition, arguing in pertinent part that plaintiff's property was being lawfully retained under MCL 780.655 as potential evidence that might be necessary in a future trial. Defendants supported their motion with the affidavit of a detective involved in the investigations, who averred that numerous items had been seized pursuant to the two warrants, that the investigation remained open, and that the seized property was potential evidence that might be necessary to be used in a future trial. Plaintiff responded that his property had been improperly seized because probable cause had not supported issuing the warrants, and the warrants were defective and invalid. Plaintiff additionally asserted that being required to bring his case in the Court of Claims violated his right to a jury trial under the Sixth and Seventh Amendments to the United States Constitution.

The Court of Claims granted summary disposition to defendants under MCR 2.116(C)(10). The court ruled that defendants had statutory authority to retain personal property seized under a valid search warrant as long as doing so was necessary to retain the evidence for a future trial. The detective's affidavit indicated that the criminal investigation identified in the search warrants remained open and that the property that had been seized was potential evidence that might be used as part of a future trial. The court also ruled that, because there were no questions of fact regarding whether defendants had violated plaintiff's rights, summary disposition was warranted on plaintiff's claim under 42 USC 1983.

## II. STANDARD OF REVIEW

This Court reviews de novo a lower court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). This Court also reviews de novo issues of statutory interpretation and constitutional law. *Dep't of Transp v Riverview-Trenton R Co*, 332 Mich App 574, 603 n 13; 958 NW2d 246 (2020).

## III. THE COURT OF CLAIMS

First, plaintiff asserts that the "Court of Claims is unconstitutional" because it deprives people of the right to a jury trial under the United States Constitution. Plaintiff's position lacks merit because the federal Constitution does not grant the right to a jury trial in a state-court civil case.

The Court of Claims was created by statute. *Dunbar v Dep't of Mental Health*, 197 Mich App 1, 5; 495 NW2d 152 (1992). Courts presume that statutes are constitutional and use extreme caution before declaring a law unconstitutional. *Mich Dep't of Transp v Tomkins*, 481 Mich 184, 191; 749 NW2d 716 (2008). The Sixth Amendment to the United States Constitution provides in pertinent part that, "[*i*]*n all criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." The Sixth Amendment does not apply to this case because it is a civil case, not a criminal prosecution.

The Seventh Amendment to the United States Constitution provides that,

> [i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

However, "[t]he Constitution of the United States does not confer a federal constitutional right to trial by jury in state court civil cases." *McKinstry v Valley Obstetrics-Gynecology Clinic, PC*, 428 Mich 167, 183; 405 NW2d 88 (1987), citing US Const, Am VII. Additionally, the right to a jury trial in a civil case is not a due-process element imposed on the states through the Fourteenth Amendment to the United States Constitution. *Meyer v Dep't of Treasury*, 129 Mich App 335, 339-340; 341 NW2d 516 (1983).[1] The Court of Claims is not unconstitutional on the basis plaintiff asserts because the United States Constitution does not grant him the right to a jury trial in this civil case in a state court.

## IV. RETENTION OF SEIZED PROPERTY

First, plaintiff argues that defendants were required to return his property within 28 days because no charges had been filed against him. We reject this argument because a more specific statute provides an exception to the statute on which plaintiff relies, and the more specific statute allows the police to retain property as long as necessary in order to produce the evidence in a future trial.

MCL 600.4706 provides in pertinent part as follows:

> (1) *Except as otherwise provided by law*, personal property seized under [MCL 600.4703] shall be returned to the owner . . . within 7 days after the occurrence of any of the following:

> (a) A warrant is not issued against a person for the commission of a crime within 28 days after the property is seized or, if the property is real property, within 28 days after the lien is filed. [Emphasis added.]

MCL 780.655(2) provides that, when an officer executes a search warrant, "[t]he property and things that were seized shall be safely kept by the officer so long as necessary for the purpose of being produced or used as evidence in any trial." When considering two statutory provisions that concern the same subject, the more specific provision governs. *Safdar v Aziz*, 501 Mich 213, 218; 912 NW2d 511 (2018).

---

[1] This Court is not bound to follow decisions of this Court decided before November 1, 1990. *2000 Baum Family Trust v Babel*, 488 Mich 136, 180 n 26; 793 NW2d 633 (2010). However, important prudential considerations, such as the length of time since an opinion was issued and public reliance, may support following a pre-1990 decision. *Id*.

In this case, MCL 600.4706 operates subject to exceptions that may be provided by other statutes. In turn, MCL 780.655 provides that things seized subject to a search warrant must be kept safe as long as necessary to be used in a trial. MCL 780.655 is more specific because it applies to objects seized when a search warrant is executed, while MCL 600.4706 has other triggers, such as when a seizure order has been issued under MCL 600.4703(1). MCL 780.655 also very specifically concerns property that is anticipated to be used in criminal litigation, while MCL 600.4706 applies more broadly to any property that may have been the benefit of the commission of a crime. We conclude that the trial court did not err by applying MCL 780.655 because it operates as an exception to MCL 600.4706.

Second, plaintiff argues that there was no probable cause to issue the search warrants, that the warrants were invalid, and that the police may not simply seize his property and retain it indefinitely. The lower court erred by applying MCL 780.655 without determining whether the warrants were valid; however, this error was harmless because the reasons for which plaintiff asserts that the warrants were invalid lack merit.

In this case, the Court of Claims did not address plaintiff's argument that his property should be returned because the warrants were invalid. "Ordinarily, if a warrant is determined to be invalid because it lacked a probable-cause basis or was technically deficient in some other manner, any evidence seized pursuant to that warrant, or seized subsequently as a result of the initial illegal search, is inadmissible as substantive evidence in related criminal proceedings." *People v Hellstrom*, 264 Mich App 187, 193; 690 NW2d 293 (2004).[2] If the warrant under which plaintiff's property was seized was invalid, the police may not produce or use the evidence at any trial. Under those circumstances, MCL 750.655 would not provide a basis for retaining plaintiff's property because it only allows officers to retain property to be produced or used as evidence at a trial.

However, this error was harmless. This Court will not modify a decision of a lower court on the basis of a harmless error. MCR 2.613(A). The lower court's error is harmless if it is not decisive to the outcome in a case. See *Ypsilanti Fire Marshal v Kircher (On Reconsideration)*, 273 Mich App 496, 529; 730 NW2d 481 (2007).

Plaintiff asserted that the bar number written on the warrants did not exist and did not match any judges in the area. However, MCL 780.651, which concerns the issuance of search warrants, does not require that a bar number be provided on a warrant; the statute only requires that the warrant be signed by a magistrate.[3] The warrants here are both signed, and the detective averred

---

[2] We note that this rule is subject to several exceptions. See *id*. at 193 and 193 n 3; *People v Goldston*, 470 Mich 523, 543; 682 NW2d 479 (2004).

[3] Similarly, this Court has considered whether the failure to include a bar number invalidated an arrest warrant and concluded that it did not because the court rules did not require the judge to provide a bar number. *People v Woods*, unpublished per curiam opinion of the Court of Appeals, issued January 19, 2016 (Docket No. 322608), p 7. Unpublished authorities are not binding on this Court under MCR 7.215(C)(1), but may be considered as persuasive authority. *Council of*

-4-

that they had been signed by the district court magistrate. The warrants are not invalidated by the failure to include an accurate bar number.

Additionally, plaintiff asserted that probable cause had not supported the warrants because nothing illegal was found. A warrant is invalid when the warrant was not based on probable cause. *Hellstrom*, 264 Mich App at 193. Probable cause exists when "there is a substantial basis for inferring a fair probability that contraband or evidence of a crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000) (quotation marks and citation omitted). Whether probable cause exists is an inquiry that a magistrate conducts before issuing a search warrant. See *People v Russo*, 439 Mich 584, 603-604; 487 NW2d 698 (1992). Plaintiff's assertion that no probable cause to issue the warrants existed because no criminal evidence has yet been found is meritless. All that was required was that the magistrate determine whether probable cause existed at the time the warrants were issued. Additionally, the detective's affidavit indicated that the investigation was ongoing; evidence of illegal activity may be found in the future.

Because plaintiff did not respond to defendants' motion with evidence to establish a genuine issue of material fact regarding the validity of the warrants, the lower court would have properly granted summary disposition on this issue under MCR 2.116(C)(10). We conclude that the court's failure to address this argument was harmless. And because the Court of Claims properly granted summary disposition on plaintiff's claims, it properly granted summary disposition on his related claim under 42 USC 1983.

We affirm.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates

---

*Orgs & Others for Edu About Parochiaid v Michigan*, 321 Mich App 456, 468 n 4; 909 NW2d 449 (2017).