TABOR *v.* COOK.

---

### Lorenzo Tabor v. Addison P. Cook and others.

*Bill to quiet title: Tax title deed: Vacant lands: Right to jury.* The law of 1865, page 576, provides that "any person claiming title to lands through the Auditor General's deed, executed upon a sale thereof for non-payment of taxes, may file a bill in chancery to quiet his title thereto, *without taking possession* thereof," etc.

In a proceeding in chancery to quiet title by a person claiming through such a deed against one holding the premises under an adverse claimant, it was held—

1. That the act of 1865 does not authorize such a proceeding against a defendant in possession—its purpose being to extend the remedy by bill in equity to cases where the land was vacant, and where, under the then existing law, the complainant could not file a bill without first taking possession.

2. That under the Constitution—*Art.* 6, §27—the legislature could not authorize such a proceeding without providing a mode by which the defendant could have a jury trial, if he so elected, where the right existed when the Constitution was formed.

TABOR *v.* COOK.

*Construction of legislative acts.* Courts will always construe a legislative act so as to give it effect as law, if it be practicable to do so. An intent to violate the Constitution is not to be presumed in any case; and a construction which would have that effect is not to be adopted unless forced upon the court by the terms employed.

*Heard April 10th. Decided April 23d.*

Appeal in Chancery from Lenawee Circuit.

This was a bill filed to quiet title to certain lands purchased by complainant at a tax sale.

The defendants were in possession under an adverse claim.

A demurrer was filed, and the bill was dismissed.

*Bachman & Tatem,* for complainant.

*Howell & Robinson,* for defendants.

COOLEY J.

We do not feel at liberty to consider the various questions which are discussed by the briefs in this cause, inasmuch as there is apparent upon the face of the record a fatal objection to the jurisdiction.

The bill is filed to quiet the title of complainant to certain lands purchased by him at tax sales for the taxes of 1859, and which, he avers, are occupied by the defendant, Addison P. Cook, under an adverse claim. There is no law of the state which permits a bill to be filed for such a purpose against a claimant in possession, unless it be "An act to provide for the recovery of taxes paid on real estate by persons claiming title thereto in certain cases," approved March 20, 1865 — *Laws of* 1865, *p.* 576 — and it appears to be under the supposed authority of this act that the present proceeding is taken.

We think the complainant has mistaken the intent of this statute. It provides that "Any person claiming title to lands under or through a conveyance executed by the Auditor General, upon a sale thereof for non-payment of taxes, may commence a suit in the circuit court in chancery

of the county where such lands lie, to quiet his title thereto, without taking possession of such lands; and all parties who have, or claim to have, any interest in such lands, may be made defendants in said suits," etc. Under the law as it stood before the passage of this act, no person could file a bill in equity to quiet the title to lands, unless he was in possession thereof — *Comp. L.* § 3490 — and we do not discover in the provision above quoted an intention to extend this remedy except to the case of lands which are unoccupied. Although the terms employed in the act are very general, and authorize " any person " to file a bill, yet we can not shut our eyes to the prior law when endeavoring to arrive at the true construction of this; and as that law required the complainant to *take possession* before bringing suit, and this act authorizes any person to commence suit *without taking possession,* it would seem that the particular change designed to be made was, to dispense with the necessity of the complainant taking possession where the lands were vacant. If the other party was in possession, ample remedy at law existed before; and the legislature would not be likely to make so radical a change in the law as to authorize a bill in equity in the nature of an ejectment bill, against an adverse claimant in possession, without clearly expressing their intent so to do.

But if the act of 1865 would bear the construction which complainant puts upon it, there is a very conclusive reason why we could not adopt that construction if a different one were possible. It is not in the power of the legislature, under our present Constitution, to provide for the trial of titles to land in equity, in the cases which were triable at law at the time the Constitution was adopted, unless it shall first make provision for having the case tried by jury if the defendant shall so elect. The Constitution — *Art.* 6, § 27 — says that " The right of trial by jury shall remain; but shall be deemed to be waived

in all civil cases, unless demanded by one of the parties, in such manner as shall be prescribed by law." The intention* here is plain: to preserve to parties the right to have their controversies tried by jury, in all cases where the right then existed — *Work v. State*, 2 *Ohio N. S.* 296; *Norval v. Rice*, 2 *Wis.* 22; *Exline v. Smith*, 5 *Cal.* 112; *Hughes v. Hughes*, 4 *Monr.* 43 — and suitors can not constitutionally be deprived of this right except where, in civil cases, they voluntarily waive it by failing to demand it in some mode which the legislature shall prescribe.

The present is one of those cases where a right to a trial by jury existed when the constitution was formed; and this right must therefore "remain." Whatever proceeding the legislature authorizes for the determination of adverse claims, the right of the party in possession to a jury trial must be kept in view, and some mode pointed out by which he can demand it. In civil cases at law, including ejectment suits, provision is made by statute and rule whereby either party may obtain a jury; but there is no such provision for cases in chancery, and it is only in special cases, where the court desires the verdict of a jury for its own guidance, that issues in chancery can go before a jury at all. A defendant in chancery, therefore, can not waive a jury by failing to demand it, because no mode is provided by which any such demand can be made; and a statute which should authorize a bill in the nature of an ejectment bill, without at the same time providing some means by which a jury could be had at the option of defendant, would be in palpable disregard of the provision of the Constitution which we have quoted.

The courts will always construe a legislative act so as to give it effect as law, if it be practicable to do so. An intent to violate the Constitution is not to be presumed in any case; and a construction which would have that effect is not to be adopted unless forced upon us by the terms employed. — *Newland v. Marsh*, 19 *Ill.* 384; *Dow v.*

*Norris*, 4 *N. H.* 17; *Clarke v. Rochester*, 24 *Barb.* 471. We do not discover in this statute a clear intent to give a remedy in chancery in cases where the defendant was entitled to a jury trial at the common law; and as an act to that effect, without provision for a jury at the option of defendant, would be unconstitutional, it is our duty, under the principle stated, to hold the act applicable only to those cases where the defendant is not in possession.

As, therefore, the suit was not maintainable, whether the tax title was valid or not, the decree of the court below must be affirmed.

CAMPBELL J. and MARTIN Ch. J. concurred.

CHRISTIANCY J. did not sit in this case.