GRAND RAPIDS & I. R. Co. *et al.* v. SPARROW *et al.*

(*Circuit Court, W. D. Michigan, S. D.*    October 2, 1888.)

1. CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL—QUIETING TITLE.
   Laws Mich. 1887, No. 260, p. 337, extending the jurisdiction of the court of equity to quiet titles to cases where the lands are unoccupied, is not unconstitutional, as depriving the defendant of the right to trial by jury, secured by Const. art. 6, § 27, as such constitutional provision extends only to cases where by the common law trial by jury was customary, and at common law ejectment did not lie where defendant was not in possession.

2. EQUITY—JURISDICTION—FEDERAL COURTS.
   When defendant is not in possession, complainant has not a plain, complete, and adequate remedy at law, in which case suits in equity are forbidden by Rev. St. U. S. § 723, but the federal courts may administer the equitable remedy given by such Michigan statute.

In Equity.    On demurrer to bill to quiet title.

In this case a bill in equity was filed in the proper state court to quiet the title to certain lands, and it appears upon the face of the bill of complaint that neither party is in possession of the premises in controversy. The defendants, having removed the cause to the United States circuit court, filed therein a general demurrer for want of equity. The Michigan statute regulating proceedings by bill in equity to quiet title, prior to 1887, was as follows:

"Any person having the actual possession and legal or equitable title to lands, may institute a suit in chancery against any other person setting up a claim thereto in opposition to the title claimed by the complainant; and, if the complainant shall establish his title to such lands, the defendant shall be decreed to release to the complainant all claim thereto, and pay costs, unless the defendant shall, by his answer, disclaim all title to such lands, and give a release to the complainant, in which case costs shall be awarded as the court may deem just." 2 How. Ann. St. § 6626.

By act No. 260 of the Session Laws of 1887, the foregoing section was amended so as to read as follows:

"Any person claiming the legal or equitable title to lands, whether in possession or not, may institute a suit in chancery against any other person, not in possession, setting up a claim thereto in opposition to the title claimed by

the complainant; and, if the complainant shall establish his title to such lands, the defendant shall be decreed to release to the complainant all claims thereto, and pay costs, unless the defendant shall, by his answer, disclaim all title to such lands, and give a release to the complainant, in which case costs shall be awarded as the court may deem just." Sess. Laws, 1887, p. 337.

*T. J. O'Brien,* for complainants.
*Isaac Marston,* for defendants.

SEVERENS, J., (*after stating the facts as above.*) Respecting the argument that the act of the legislature of Michigan (Laws 1887, No. 260, p. 337) extending the jurisdiction of the court of equity to quiet titles to cases where the lands are unoccupied, is unconstitutional, because it deprives the defendant of the right to trial by jury, secured by the constitution of Michigan, (article 6, § 27,) I think it must be held that this constitutional provision extends only to cases where by the common law a trial by jury was customary. It does not reach those cases where the remedy is given by statute. At common law, ejectment did not lie where the defendant was not in possession, and it is sustainable in such a case only by virtue of the statute in Michigan. The objection, therefore, cannot be sustained. *Tabor* v. *Cook,* 15 Mich. 322, and cases cited. It is further suggested that the federal court in equity will not take cognizance of such a case, because there is an ample remedy by ejectment at law. But this court will administer the remedies given by local statutes, where it can be done without violation of the principles it is accustomed to regard in the exercise of its jurisdiction. It is argued by the defendant that one of those principles is that the court will not take jurisdiction where there is a plain remedy at law; and it is said that ejectment is such a remedy. But, when the act defining the jurisdiction of the federal courts in equity was passed, and suits were forbidden when a plain, adequate, and complete remedy at law existed, (Rev. St. U. S. § 723,) it was the remedy furnished by the common law which was thereby intended. Supplementary statutes, giving new legal remedies, do not disturb the original equitable jurisdiction, nor supplant it. The courts in equity of the United States have undoubted cognizance of bills *quia timet* when the complainant is in possession. They may also take cognizance where he is not in possession, if local legislation gives the remedy in such a case, and the defendant is not thereby deprived of his right to a jury trial, according to the course of the common law. According to the case of *Holland* v. *Challen,* 110 U. S. 15, 3 Sup. Ct. Rep. 496, the circumstance of the complainant's being in possession is not essential to the jurisdiction of courts of equity in such cases, and may be dispensed with. That being so, a bill in equity is maintainable, if there was not by the common law a plain, adequate, and complete remedy. There was no such remedy where the defendant was out of possession. The demurrer must be overruled, and leave be given to answer.