KAMMAN v. CITY OF DETROIT.

1. Deeds—Quitclaim Deed—Bona Fide Purchaser.
   One obtaining title to land by quitclaim deed takes only interest of grantor, and is not *bona fide* purchaser.

2. Jury—Quieting Title.
   Under State Constitution one in actual peaceable possession of real property may not be disseized except by jury trial.

Appeal from Wayne; Covert (Frank L.), J., presiding. Submitted October 10, 1930. (Docket No. 63, Calendar No. 35,085.) Decided December 2, 1930.

Bill by Frank B. Kamman against the city of Detroit, a municipal corporation, and others to quiet title to land. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Henry F. Massnick,* for plaintiff.

*Arthur F. Lederle (Clarence E. Wilcox,* of counsel), for defendants.

POTTER, J.  Plaintiff, claiming to own land in the city of Detroit platted as Roehm street, filed a bill of complaint against defendants asking that he be decreed to be the owner of the premises; that the city of Detroit be decreed to quitclaim its interest to him, and that defendants be enjoined from making or asserting any right, title, claim, or demand to the premises, and from interfering with his peaceable possession thereof.  Defendants' answered, admitting they claimed the lands as a public street, asserted that they had served notice on plaintiff to remove certain obstructions therein, that since the dedication of said lands for street purposes the street had always been open for public use, and the city was in the actual possession of the street, such street was open to public travel, and the defendant city had spent large sums of money in improving it.

Plaintiff alleges as a ground for relief the claims and pretenses of defendants constitute a cloud upon the title of plaintiff to the premises in dispute.  Defendants deny plaintiff is entitled to the whole or any part of the relief prayed.  The testimony was taken in open court, and the trial judge visited the premises.  There were once buildings belonging to plaintiff on the disputed lands.  Notice was served on him in 1926 by the city to remove the same.  Such buildings burned.  The department of public works of the city removed the debris from the premises, graded the street, and, the witnesses testify, the city is in possession of it now and was in such possession at the time of the filing of the bill herein.  The trial court said:

"After a careful inspection of the property, I am confirmed in my opinion that the property is, and was at the time of the filing of the bill of complaint in this case, in possession of the defendant."

It held that where, as here, defendants were in possession of the premises, a bill to quiet title would not lie, and the only remedy was by ejectment.

Plaintiff's claim to the property in dispute is based upon a conveyance in 1907 from Mason. If Mason had title to convey when the deed was made to plaintiff, then plaintiff acquired title, March 25, 1907, when plaintiff's deeds are dated. April 17, 1907, Act No. 46, Pub. Acts 1907, became effective, prohibiting any one from acquiring rights by adverse possession in a street.

Did Mason have title to convey? He received a quitclaim deed of the premises in 1899. At that time one could not become a *bona fide* purchaser under quitclaim deed. *Walker* v. *Schultz,* 175 Mich. 280; *Backus* v. *Cowley,* 162 Mich. 585. There is no tangible evidence of adverse possession back of Mason's quitclaim deeds, and Mason and plaintiff together had possession less than 15 years prior to the effective date of Act No. 46, Pub. Acts 1907. Plaintiff did not, therefore, have title to the land in dispute. Though plaintiff may have title he cannot maintain this suit.

The testimony supports the conclusion reached by the trial court that defendants were, at the time of the filing of the bill of complaint, in actual possession of the property in dispute.

It has never been held that one in actual and peaceable possession of real property could be lawfully disseized except by a judgment of his peers and the law of the land, under our Constitution, without the right of trial by jury. *Blackwood* v. *Van Vleet,* 11 Mich. 252; *Moran* v. *Palmer,* 13 Mich. 367; *Tabor* v. *Cook,* 15 Mich. 322; *Scofield* v. *Lansing,* 17 Mich. 437; *Barron* v. *Robbins,* 22 Mich. 35; *Stetson* v. *Cook,* 39 Mich. 750; *Manistique Lumbering Co.* v.

*Lovejoy,* 55 Mich. 189; *La Coss* v. *Wadsworth,* 56
Mich. 421; *Watson* v. *Brewing Co.,* 61 Mich. 595;
*Bigelow* v. *Sanford,* 98 Mich. 657; *Seymour* v. *Rood,*
121 Mich. 173; *Lott* v. 'Lott,* 146 Mich. 580 (8 L. R. A.
[N. S.] 748); *Tinker* v. *Piper,* 149 Mich. 335; *Dolph*
v. *Norton,* 158 Mich. 417; *Rogers* v. *Schram,* 161
Mich. 278; *School District* v. *Musbach,* 176 Mich.
243; *Fleming* v. *Conklin,* 237 Mich. 243.

The decree of the trial court is affirmed, with
costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD,
SHARPE, NORTH, and FEAD, JJ., concurred.