## ST. JOHN *v*. GENERAL MOTORS CORP.

1. Appeal and Error—Assignments—Single Judgment—Review of Record.

    On appeal from single judgment in action at law tried without a jury for alleged amount due plaintiff and her 28 assignors, Supreme Court will not go through lengthy record and point out specific amount due each of the claimants.

2. Action—Violation of Statute—Discrimination in Payment of Wages.

    One who has suffered damage by reason of defendant employer's discrimination in payment of wages between sexes for similar

employment in violation of mandatory provisions of constitutional statute may maintain an action at law therefor (Act No. 328, § 556, Pub. Acts 1931).

3. WITNESSES—SELF-INCRIMINATION.

The constitutional right against self-incrimination is personal to a witness and cannot be claimed in behalf of another, inclusive of an employing corporation, unless guilt of the witness is also involved (Const. 1908, art. 2, § 16).

4. SAME—SELF-INCRIMINATION—PERSONAL NATURE OF PROTECTION—EMPLOYMENT RECORDS—WAGE DIFFERENTIAL.

In action against corporation for balance of wages due plaintiff and her 28 assignors, all of whom were women, because of defendant corporation's failure to pay same wages for similar work presently or formerly performed by men, it was not error for court to overrule defendant's objection to production of employment records at trial because of alleged self-incrimination under statute making discrimination in such particular a misdemeanor since the constitutional right against self-incrimination would not apply in the absence of a showing that the self-incrimination was personal to the witness called under subpoena *duces tecum* (Const. 1908, art. 2, § 16; Act No. 328, § 556, Pub. Acts 1931).

5. CONSTITUTIONAL LAW — WAGE DISCRIMINATION STATUTE — CONSTRUCTION OF WORD "FORMERLY."

Anti-discrimination statute, making payment of lesser wages to women than to men "similarly employed * * * or in any employment formerly performed by males" a misdemeanor, was not arbitrary and unconstitutional as permanently prohibiting reduction of rates payable to women, the word "formerly" relating to the time when men were supplanted by women and not running back indefinitely (Act No. 328, § 556, Pub. Acts 1931).

6. MASTER AND SERVANT—ASSIGNMENT OF CLAIM FOR BALANCE DUE—JUDGMENT.

In nonjury action on plaintiff's own claim for balance of wages due and as assignee of other women for similar claims under anti-discrimination statute pertaining to payment of wages to women, defendant was entitled to determination by the trial court of the amount of damage to be awarded to each claimant and manner in which such determination was made since each claim was based upon varying facts (Court Rule No. 37, § 11 [c] [1933]).

7. APPEAL AND ERROR—JUDGMENT—ASSIGNMENTS—REMAND FOR
SEPARATE DETERMINATIONS.

In nonjury action at law by plaintiff on her own claim and as
assignee of 28 other persons for balance of wages alleged to
be due where trial court gave a single judgment without de-
termining the amount of the separate claims, case is remanded
for certification of such additional matter to record in this
court (Court Rule Nos. 37, § 11 [c], 72 [1933]).

8. COSTS—REMAND—APPEAL.

Where case is remanded to trial court for certification of ad-
ditional determination by trial court to Supreme Court, costs
of appeal abide final decision of Supreme Court (Court Rule
No. 72 [1933]).

Appeal from Ingham; Hayden (Charles H.), J.
Submitted October 5, 1943. (Docket No. 13, Calen-
dar No. 42,459.) Decided April 3, 1944.

Action by Florence St. John against General
Motors Corporation, a Delaware corporation, to re-
cover balance of wages due. Judgment for plaintiff.
Defendant appeals. Remanded.

*Pierce, Planck & Ramsey,* for plaintiff.

*Henry M. Hogan* (*Jacob A. Tolonen,* of counsel),
for defendant.

*Cook, Smith, Jacobs & Beake, amicus curiae.*

WIEST, J. This action at law was commenced
April 7, 1938, by plaintiff, in her own behalf and as
assignee of 28 other women, against the General
Motors Corporation to recover the difference in
wages paid them, as women employees, and men en-
gaged in similar industrial employment in the Olds
Motor Works Division of defendant at the city of
Lansing, Michigan. This civil action is based upon
Act No. 239, Pub. Acts 1919 (2 Comp. Laws 1929,

§§ 8497, 8498), now section 556 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–556, Stat. Ann. § 28.824), which provides:

"Any employer of labor in this State, employing both males and females in the manufacture or production of any article, who shall discriminate in any way in the payment of wages as between sexes or who shall pay any female engaged in the manufacture or production of any article of like value, workmanship and production a less wage, by time or piece work, than is being paid to males similarly employed in such manufacture, production or in any employment formerly performed by males, shall be guilty of a misdemeanor: Provided, however, That no female shall be given any task, disproportionate to her strength, nor shall she be employed in any place detrimental to her morals, her health or her potential capacity for motherhood."

This is an action at law and, upon review, it is not for this court to go through the record of 1,739 pages and point out the specific amount due to each of the 29 claimants.

In *General Motors Corp.* v. *Attorney General*, 294 Mich. 558 (130 A. L. R. 429), we held the statute constitutional.

If plaintiff has suffered financial damage by reason of defendant's noncompliance with the mandatory provisions of the statute applicable to claimants' employment then civil action may be maintained. *Bolden* v. *Grand Rapids Operating Corp.*, 239 Mich. 318 (53 A. L. R. 183). The statute establishes specified personal civil rights and if there has been discrimination between sexes in the instances at bar the remedy by action at law is available to claimants.

By subpoena *duces tecum* plaintiff required defendant to produce its employment records at the

trial. When offer was made of such records defendant objected thereto and claimed the right against self-incrimination.* This was overruled by the court. We are here considering a penal statute, inclusive of civil remedy. If the records produced and objected to established, in whole or in part, the fact that defendant had committed a misdemeanor in not paying women wages like wages paid to men in similar employment, was there any merit in the claim of self-incrimination? Of course, the right against self-incrimination is a constitutional right, but does it apply to the situation here involved? It does not apply. In *Re Moser,* 138 Mich. 302 (5 Ann. Cas. 31), it was held that the privilege against self-incrimination is personal to a witness and cannot be claimed in behalf of another, inclusive of an employing corporation, unless guilt of the witness producing the record is also involved.

Counsel for defendant state that the statute "provides a penalty if an employer pays a less wage to female employees then he does to male employees similarly employed, or a less wage than he formerly paid to male employees similarly employed," and claims the " 'formerly' clause prohibits the reducing of the rates, ever, of women employees where they are engaged in work 'similar' to that formerly performed by males," and, therefore, the statute is arbitrary and unconstitutional. The two provisions in the statute are counterparts and, reasonably construed, prevent exploitation of women workers in industrial production. The work formerly performed by men relates to the time when men employees were supplanted by women employees and does not run back indefinitely.

Defendant claims that plaintiff in order to recover had the burden of showing to a computable cer-

---

* See Const. 1908, art. 2, § 16.—Reporter.

tainty the damage sustained by her and each of her assignors. We think there is merit in this point and the court should have determined, with reasonable certainty, the amount of damage to be awarded to each of the claimants and the manner in which he has determined the same and, upon such computation, when made, enter judgment in behalf of plaintiff. See Court Rule No. 37, § 11 (c) (1933).

The issue upon right and amount, if any, of recovery by plaintiff depended upon 29 individual instances and in each instance required the court to specifically find as to which of the many rates paid to men should have been paid to plaintiff and each of her assignors. This barred computation of an average differential.

Plaintiff, Florence St. John, testified that she went to work at the defendant's plant on September 6, 1928, and her employment there terminated March 15, 1938. Just before this suit was started she worked in the press room, department 7EF3, until September, 1937, when the women were moved to what is called the women's assembling division, but until that time she had worked in the press room of that department. In September, 1937, the women from that department and the paint shop and motor plant went to the women's division. Men were also employed in department 7EF3. She operated a punch press in that department where stock is blanked out for different parts of an automobile. The stock is put in the press between dies and the press has to be tripped. During those years she operated a punch press. The bonus system stopped in May, 1934, and for the rest of that year her rate of pay was 47 cents an hour, and for 1935, 53 cents an hour. It was around 60 cents an hour in 1936. In the fall of 1937 the women's division was established, and the rate of pay she received was 76 cents

an hour and continued at that rate until her employment terminated.

Claimant Vernice C. Smith never worked in the women's division and quit her employment June 2, 1937. She claimed in the latter part of 1936 or 1937, she was paid 76 cents an hour. Until sometime in 1937 she had worked in the sheet metal department.

Claimant Clara M. Calhoun quit the employment of defendant in May, 1936. She worked in the sheet metal department from December 4, 1928, until she quit.

Marietta Anderson was employed in the paint shop from July, 1925, to September, 1937, when she went into the women's division, and "got a raise up to 72 cents and then in April we got a raise to 82 cents, a blanket raise went through the whole plant," and brought her up to 82 cents an hour. In September, 1937, she went to the women's department and her pay was cut down to 76 cents an hour.

In actions at law, tried by the court without a jury, Court Rule No. 37, § 11 (c) (1933), provides:

"The trial judge shall sign and file, or dictate to the stenographer, an opinion in which he shall set forth his decision and the substance of the judgment with a concise statement of his reasons therefor, and where he awards damages, the manner in which he has determined the amount."

The defendant has a right to determination in accordance with the rule. *Hudson* v. *Enichen,* 308 Mich. 79.

The defendant in a motion for new trial alleged as one reason:

"Because the above suit was one in which the plaintiff brought action for herself and in behalf of her assignors, and that the suit was comprised of 29 separate and distinct claims, each of which should

have been separately determined, and, because the court erred in failing to find the amount of the damages upon each of the said separate claims."

In denying the motion the court stated:

"Counsel for defendant complains that the court did not indicate in its opinion the amount found to be due on each of the wage claims. That might have been done, of course, but it was not requested by counsel, and would be in the nature of a special finding, and the court must decline to attempt to duplicate a very lengthy process of computation. There is but one plaintiff, the assignments to her from the 28 other women are absolute in form and only one judgment can be rendered. Had a request been made seasonably for such a finding the court would have complied with it, even though not required to do so."

The court was required in this instance to comply with the rule mentioned. Plaintiff, having brought to trial 29 distinct claims based upon varying facts, the defendant has a right to know the amount allowed the plaintiff for each claim she sued upon.

Under Court Rule No. 72 (1933), we remand the case to the circuit court for compliance, upon the record made, with Court Rule No. 37, § 11 (c) (1933), and certify the same to this court. See *Morley Brothers, Inc.,* v. *F. R. Patterson Construction Co.,* 266 Mich. 52. When this is done such matter will be added to the record in this court. Upon filing the same, if either party desires oral argument or the filing of further briefs thereon application may be made to this court. Costs of this appeal to abide final decision thereon.

NORTH, C. J., and STARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. BUTZEL, J., did not sit. REID, J., took no part in the decision of this case.