ST. JOHN *v.* GENERAL MOTORS CORP.

1. APPEAL AND ERROR—CERTIFICATE OF CIRCUIT JUDGE—WAGE DIFFERENTIAL.

In action by woman against employer for balance of wages due her and her 28 women assignors, denial of circuit judge that he had employed a wage differential generally to all claimants, as asserted by defendant, was supported by statement of method employed as contained in supplemental certificate, made after remand to conform to court rule (Court Rule No. 37, § 11 [c] [1933]).

2. SAME—GENERAL OBJECTION—SUPREME COURT—RECORD.

In action by woman claimant for balance of wages due her and her 28 women assignors, wherein by way of supplemental certificate of circuit judge amount due each of the claimants appears as well as method employed in computation, Supreme Court is not obligated to make independent search of voluminous record to ascertain whether circuit judge was in error upon a general objection to the computation made by the defendant.

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 10, 1944. (Docket No. 72, Calendar No. 42,459.) Decided January 2, 1945.

Action by Florence St. John against General Motors Corporation to recover balance of wages due. Judgment for plaintiff. On appeal, case remanded to circuit court for compliance with Court Rule No. 37, § 11 (c) (1933). Certification by circuit judge. Affirmed.

*Pierce, Planck & Ramsey,* for plaintiff.

*Henry M. Hogan (Henry S. Benjamin, Jr.,* of counsel), for defendant.

WIEST, J. In *St. John* v. *General Motors Corp.,* 308 Mich. 333, we stated the issues involved, settled the law of the case and, under Court Rule No. 72 (1933), remanded the case to the circuit court for compliance, upon the record made, with Court Rule No. 37, § 11 (c) (1933), and certify the same to this court, such matter to be added to the record in this court. In compliance with this order the circuit judge has filed his certificate stating the method and manner of his computation of the amount due each of the 29 claimants. Under his findings there is due plaintiff the sum of $55,690, and judgment has been entered thereon.

Counsel for defendant insist the court employed a differential, general to all the women employees. This is denied by the circuit judge and his denial is supported by his statement of the method he employed.

The certificate has been read and the specific findings therein appear to be supported by the evidence. Inasmuch as counsel for defendant does not point out error in any specific instance we accept the findings of the circuit judge. The computation covering the employment of 29 women, some of them over a period of six years previous to commencement of suit, was most difficult but the circuit judge appar-

ently gave it careful consideration and, upon general objection thereto by defendant, we are not obligated to make independent search of the voluminous record to ascertain whether the judge, in any instance, was in error. While exceptions to the findings were not necessary it was for defendant to specifically point out error calling for reversal.

Under the record as it now stands we affirm the judgment of the court below, with costs to plaintiff.

STARR, C. J., and NORTH, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. BUTZEL, J., did not sit.