KING v GENERAL MOTORS CORPORATION

Docket No. 69544. Submitted April 11, 1984, at Detroit.—Decided
July 16, 1984. Leave to appeal applied for.

Cynthia King brought an employment discrimination action
against General Motors Corporation in the Wayne Circuit
Court. The court instructed the jury that compensatory dam-
ages included the elements of mental anguish, embarassment
and humiliation and that exemplary damages were to compen-
sate the plaintiff for added injury to her feelings as a result of
the nature of the defendant's misconduct. The jury returned a
verdict with sums for both compensatory damages and exem-
plary damages. The court, Paul S. Teranes, J., entered judg-
ment on the verdict and denied plaintiff's request for an award
of attorney fees on the ground that attorney fees should be
awarded only where the plaintiff could not otherwise have
obtained competent counsel and, since plaintiff's attorney had
accepted the case on a contingency fee arrangement, plaintiff
did not need an attorney fee award. Defendant appealed and
plaintiff cross-appealed. *Held:*

1. On December 17, 1982, the Supreme Court held that,
where actual compensatory damages are allowable for emo-
tional or mental distress or anguish, an instruction on exem-
plary damages for the same elements is redundant, and an
award based on such instruction constitutes impermissible
double recovery. That holding is applicable to all cases pending
on that date. Since this case was pending on appeal on that
date, the rule applies to this case. Plaintiff may have a judg-

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 241.

38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 44.5, 53.

Recovery of damages for emotional distress resulting from racial,
ethnic, or religious abuse or discrimination. 40 ALR3d 1290.

[2] 20 Am Jur 2d, Courts § 233.

Prospective or retroactive operation of overruling decision. 10
ALR3d 1371.

[3-5] 15 Am Jur 2d, Civil Rights §§ 102, 261.

Recovery of damages as remedy for wrongful discrimination under
state or local civil rights provisions. 85 ALR3d 351.

ment for the compensatory damages verdict only or may have a new trial on damages.

2. The court erred in its reason for denying an award for attorney fees. The decision to grant or deny an award of attorney fees in a suit under the Elliott-Larsen Civil Rights Act is within the discretion of the trial court. Denial of an award of attorney fees on the ground that they should only be awarded where the plaintiff could not otherwise have obtained competent counsel constitutes an abuse of discretion. A contingent fee agreement does not automatically preclude an award of attorney fees.

3. A plaintiff suing under the Elliott-Larsen Civil Rights Act has a right to a jury trial.

Reversed in part and remanded.

1. DAMAGES — COMPENSATORY DAMAGES — EXEMPLARY DAMAGES.

The giving of an instruction on exemplary damages for emotional or mental distress and anguish is error where actual compensatory damages are allowed for the same elements; this rule applies to all cases pending on December 7, 1982, and to all cases initiated thereafter.

2. APPEAL — RETROACTIVITY.

Generally, full retroactivity is the rule and prospectivity is the exception for application of an announced rule of law; retroactivity may be limited, however, when a balancing of three factors so dictates: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of retroactive application of the new rule on the administration of justice.

3. CIVIL RIGHTS — ATTORNEY FEES.

The decision to grant or deny an award of attorney fees in a suit under the Elliott-Larsen Civil Rights Act is within the discretion of the trial court; denial of an award of attorney fees on the ground that they should only be awarded where the plaintiff could not otherwise have obtained competent counsel constitutes an abuse of discretion; a contingent fee agreement does not automatically preclude an award of attorney fees (MCL 37.2802; MSA 3.548[802]).

4. CIVIL RIGHTS — ATTORNEY FEES.

The purposes served by allowing an award of attorney fees in cases brought under the Elliott-Larsen Civil Rights Act are the encouragement of persons denied of their civil rights to seek legal redress and ensure victims of employment discrimination

access to the courts and the fostering of compliance with the goals of the act, thereby deterring discrimination in the work place (MCL 37.2808; MSA 3.548[802]).

5. CIVIL RIGHTS — JURY TRIAL — CONSTITUTIONAL LAW.
    A plaintiff suing under the Elliott-Larsen Civil Rights Act has a right to a jury trial (Const 1963, art 1, § 14).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt),* for plaintiff.

*Bodman, Longley & Dahling* (by *Theodore Souris* and *Lloyd C. Fell),* for defendant.

Before: HOOD, P.J., and M. J. KELLY and R. C. LOVI,* JJ.

M. J. KELLY, J. Defendant appeals as of right from a jury verdict of $119,985 in favor of plaintiff. Plaintiff cross-appeals the trial court's denial of attorney fees. We remand for further proceedings consistent with this opinion.

Plaintiff filed this employment discrimination action in 1979 alleging breach of employment contract, violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* and retaliatory discharge. Plaintiff began her employment with defendant as a stenographer in September of 1974 but was laid off for economic reasons the following January. She returned as a probationary employee in February of 1976 but was terminated on May 17, 1976.

Defendant contends that plaintiff was let go at the end of her probationary period for unsatisfactory job performance. Plaintiff contends that she was released because of her objection and challenge to the company's practice of addressing male executive staff members by their surnames and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

female secretarial staff members by their first names. Plaintiff first challenged the practice in early April of 1976 by submitting a suggestion to management on a company-approved form. Her suggestion was rejected by letter dated April 12, 1976. Plaintiff resubmitted her proposal on April 30, 1976, complaining that defendant had failed to take her seriously and failed to satisfactorily respond to her suggestion that the company affirmatively pursue a plan or policy to change the practice as it had then evolved. Plaintiff was terminated approximately two weeks later. According to plaintiff, she had never received any disciplinary warnings and had, in fact, received "highly satisfactory" evaluations prior to her lay-off in January of 1975.

Plaintiff introduced evidence to establish economic damages caused by lost wages as well as damages for mental and emotional distress (aggravating a pre-existing, stress-related condition of hypoglycemia) and humiliation and anguish at being fired. The jury returned a verdict for plaintiff on the discrimination and retaliatory discharge claims, awarding compensatory damages of $69,-985 and exemplary damages of $50,000. A no cause of action verdict was returned on her breach of employment contract claim. The court then granted equitable relief and ordered defendant to reinstate plaintiff at the next available job opening at GMC. Plaintiff's motion for attorney fees was denied.

Two of the issues raised by the parties on appeal require remand.

In its instructions, the trial court informed the jury that the elements of compensatory damages included: "mental anguish, embarrassment and humiliation". Over defendant's objection to any

instruction on exemplary damages, the trial court then instructed:

"Furthermore, in respect to the retaliatory discharge claim only, if you find that the defendant acted in wilful and reckless disregard of the plaintiff's rights, you may award exemplary damages. Such damages represent the amount by which you may increase your award of compensatory damage to Ms. King.

"The amount of such damages, if you find them, may be determined in accordance with the degree of maliciousness or oppressiveness of defendant's misconduct, and are to compensate the plaintiff for added injury to her feelings as a result of the nature of the defendant's misconduct.

"These damages are assessed to compensate outrage, loss of dignity, insult and mental depression caused by defendant's actions. This increase in damages caused by defendant's company is for you to determine as jurors acting in consideration of all the circumstances. It cannot be an amount beyond that which would fairly compensate plaintiff."

The jury rendered its verdict in August of 1982. In December of that same year, the Michigan Supreme Court decided *Veselenak v Smith,* 414 Mich 567; 327 NW2d 261 (1982), holding that, where actual compensatory damages are allowable for emotional or mental distress and anguish, an instruction on exemplary damages for the same elements is redundant; therefore an award of money damages based on such redundant instruction constitutes impermissible double recovery for the same injury. See also *Pauley v Hall,* 124 Mich App 255, 268; 335 NW2d 197 (1983), *lv den* 418 Mich 870 (1983). Defendant seeks retroactive application of *Veselenak v Smith,* arguing that reversal is required on the ground that the jury was improperly instructed in a manner that allowed for double recovery.

We agree that the rule announced in *Veselenak v Smith* applies to this case. The general rule is that decisions of Michigan appellate courts are to be given full retroactivity unless limited retroactivity is preferred where justified by (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice. *Tebo v Havlik,* 418 Mich 350, 360-361; 343 NW2d 181 (1984); *People v Longwish,* 109 Mich App 15, 18-19; 310 NW2d 893 (1981), *lv den* 413 Mich 887 (1982). See also the late Justice Moody's article entitled *Retroactive Application of Law-Changing Decisions in Michigan,* 28 Wayne L Rev 439 (1982). In keeping with the practice of limited retroactivity, we hold that *Veselenak v Smith* should be applied to all those cases pending at the time the decision was released. Inasmuch as this *(King)* case was pending on appeal before this Court when *Veselenak v Smith* was released, we find error in the instructions to the jury allowing both compensatory and exemplary damages for plaintiff's mental and emotional distress and anguish. We thus vacate the exemplary damages award and allow plaintiff the option of moving for a new trial limited to the damages issue only or of filing a written consent to a judgment in the amount of the compensatory damages awarded by the jury at trial in the amount of $69,985. See *Zmija v Baron,* 119 Mich App 524, 543; 326 NW2d 908 (1982) (Judge WALSH's partial concurrence).

We also find it necessary to remand this case on the question of attorney fees. In post-trial proceedings, plaintiff moved for attorney fees under § 802 of the Elliott-Larsen Civil Rights Act, MCL 37.2802; MSA 3.548(802). The trial court denied the motion on the ground that attorney fees

should be awarded only where plaintiff could not otherwise have obtained competent counsel. Since plaintiff's attorney accepted this case on a contingent fee contract, the court reasoned that plaintiff did not need an attorney fee award under § 802.

As in all cases where attorney fees are recoverable pursuant to statute or court rule, the decision to grant or deny an award of attorney fees under MCL 37.2802; MSA 3.548(802) is within the discretion of the trial court. See *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982) (attorney fees under the no-fault act); *Minor v Michigan Education Ass'n,* 127 Mich App 196, 201; 338 NW2d 913 (1983) (attorney fees under GCR 1963, 111.6); *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 32; 335 NW2d 710 (1983) (attorney fees under GCR 1963, 316.7) and *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973) (attorney fees under the Worker's Disability Compensation Act). While we do not conclude that a decision to deny attorney fees in the instant case will necessarily constitute an abuse of discretion, we find that the trial court relied upon improper reasoning in reaching its decision and we therefore remand for further consideration of plaintiff's motion.

In our view, the Michigan Legislature intended to accomplish two purposes in enacting the attorney fee provision of the Elliott-Larsen Civil Rights Act. First, attorney fee awards are intended to encourage persons deprived of their civil rights to seek legal redress as well as to ensure victims of employment discrimination access to the courts. *Seals v Henry Ford Hospital,* 123 Mich App 329, 340; 333 NW2d 272 (1983). See also *Hensley v Eckerhart,* — US —; 103 S Ct 1933; 76 L Ed 2d 40 (1983) (interpreting the right to attorney fees in a civil rights action brought under 42 USC 1983). A

second purpose in allowing attorney fee recovery under the Elliott-Larsen Civil Rights Act is to obtain compliance with the goals of the act and thereby deter discrimination in the work force. See *Maine v Hiboutot,* 448 US 1; 100 S Ct 2502; 65 L Ed 2d 555 (1980) (also interpreting the right to obtain attorney fees in an action brought under 42 USC 1983).

The trial court in this case improperly determined that the availability of contingent fee arrangements for Elliott-Larsen plaintiffs should automatically preclude an award of attorney fees. We thus remand to the trial court for reconsideration of plaintiff's motion for attorney fees in light of the Legislature's intent to encourage judicial resolution of employment discrimination conflicts and to discourage employment discrimination in general. We further note that, because MCL 37.2802; MSA 3.548(802) allows for *reasonable* attorney fees, it is also within the discretion of the trial court to consider and fix the amount of fees to be awarded in any given case. In making its award, the court should consider those factors enunciated in *Wood v DAIIE, supra,* and in *Crawley v Schick, supra.* A contingency arrangement is only one of the factors to be considered.

The remaining issues raised by defendant on appeal are without merit. While the Elliott-Larsen Civil Rights Act is silent on the right to a trial by jury, we find that jury trials are a litigant's right under the act. Const 1963, art 1, § 14. An employment discrimination action constitutes a suit for damages and is therefore an action at law which existed prior to the adoption of the Michigan Constitution in 1963. *Ferguson v Gies,* 82 Mich 358, 365; 46 NW 718 (1890); *St John v General Motors Corp,* 308 Mich 333, 336; 13 NW2d 840

(1944); *Pompey v General Motors Corp,* 385 Mich 537, 556-557; 189 NW2d 243 (1971).

Inasmuch as defendant has failed to preserve for appellate review its instructional and exclusive remedy issues, we decline to consider them here.

Reversed in part and remanded.