## SMITH v THE UNIVERSITY OF DETROIT

Docket No. 75864. Submitted January 22, 1985, at Detroit.—Decided September 4, 1985. Leave to appeal denied, 424 Mich —.

Lindsey Smith and Brenda Sanders, individually and on behalf of other black students who were allegedly discriminated against on account of race by the University of Detroit Law School, brought a discrimination action against the University of Detroit Law School pursuant to the Elliott-Larsen Civil Rights Act in Wayne Circuit Court, seeking injunctive relief and damages. Plaintiffs alleged that, as a result of ingrained, systematic and studied racism, the university had prevented them from registering for classes. Plaintiffs further alleged that, even if the university had not intentionally discriminated against the plaintiffs, the grading practices and administrative rules disparately affected plaintiffs and resulted in the determination by the university to refuse to register plaintiffs for further classes on the basis of the failure of plaintiffs to meet the minimum academic requirements of the university. Plaintiffs alleged that this racial discrimination, whether deliberate or not, constituted a violation of the prohibitions contained in the Elliott-Larsen Civil Rights Act. Plaintiffs were granted a preliminary injunction compelling the university to register plaintiffs as students for the fall term of 1983. Plaintiffs filed a demand for

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Constitutional Law § 114.
   See the annotations in the ALR3d/4th Quick Index under Jury and Jury Trial § 5.
[2] Am Jur 2d, Civil Rights § 454.
   Recovery of damages as remedy for wrongful discrimination under state or local civil rights provisions. 85 ALR3d 351.
[3] Am Jur 2d, Equity §§ 238-244.
   Complexity of civil action as affecting Seventh Amendment right to trial by jury. 54 ALR Fed 733.
[4] Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 41-64.
   Propriety of direction of verdict in favor of fewer than all defendants at close of plaintiff's case. 82 ALR3d 974.
[5] Am Jur 2d, Limitations of Actions §§ 61 et seq.
   See the annotations in the ALR3d/4th Quick Index under Limitation of Actions.

a jury trial. The trial court, Marvin R. Stempien, J., denied the plaintiffs' motion to have a jury decide the question of liability under the Elliott-Larsen Civil Rights Act, holding that the question of liability was for the court to decide, even as to the claim for damages, and that the question of liability would be first determined by the court in a bench trial. Following the bench trial, Judge Stempien granted defendant's motion for an involuntary dismissal, finding that the defendant had not deliberately discriminated against plaintiffs and that none of defendant's actions were taken on account of plaintiffs' race but were rather based on academic factors and reasons. Plaintiffs appealed, raising the question of whether the trial court erred in granting an involuntary dismissal as to plaintiffs' legal claim for damages for which plaintiffs had demanded a jury trial. Defendant cross-appealed. *Held:*

1. The plaintiffs were entitled to have a jury act as the factfinder with respect to the question of liability on their claim for damages. The proper method would have been to try the matter before a jury and then have the court act as the factfinder with respect to the claims for equitable relief while the jury made its independent findings of fact with respect to the claim for damages.

2. Since the standards applied by a trial court in considering a motion for involuntary dismissal differ from those applied in considering a motion for a directed verdict, one cannot assume that the trial court would have granted a directed verdict merely because it granted the involuntary dismissal. Accordingly, it is necessary to reverse and remand for a jury trial on plaintiffs' damages claim.

3. It was error for the trial court to certify as members of the plaintiffs' class individuals whose individual causes of action were barred by the running of the statutory period of limitation.

Reversed and remanded.

J. T. KALLMAN, J., concurred, but noted that there is great potential for confusion and contradictory findings by having the court and the jury make separate and independent findings on the same evidence.

### OPINION OF THE COURT

1. CONSTITUTIONAL LAW — JURY TRIAL — COMMON LAW.
   The provision of the Michigan Constitution relative to the right to a jury trial preserves the right to a jury trial for causes of action which were part of the common law prior to the adoption of the consitution (Const 1963, art 1, § 14).

2. CIVIL RIGHTS — JURY TRIAL — CONSTITUTIONAL LAW.

A person suing for damages under the Elliott-Larsen Civil Rights Act has a right to a jury trial (Const 1963, art 1, § 14; MCL 37.2801; MSA 3.548[801]).

3. ACTIONS — TRIAL — EQUITY — COURTS — JURY TRIAL.

An action involving both an equitable issue and a claim for damages should be tried before a jury and, following presentation of the evidence, the court shall act as the factfinder with respect to the equitable claim and the jury shall separately act as the factfinder with respect to the claim for damages.

4. MOTIONS AND ORDERS — INVOLUNTARY DISMISSALS — DIRECTED VERDICTS.

The fact that a trial court granted an involuntary dismissal does not support the conclusion that, on the same evidence, the court would grant a directed verdict if the matter had been tried before a jury, since a court, in considering a motion for involuntary dismissal, may review and weigh the evidence, while, when considering a motion for a directed verdict, a court must view the evidence in the light most favorable to the party opposing the motion.

5. ACTIONS — CLASS ACTIONS — LIMITATION OF ACTION.

It is improper to include as a member of a class action any person whose individual cause of action is barred by the running of the applicable statutory period of limitation.

*Milton R. Henry* and *Godfrey J. Dillard,* for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *William M. Saxton* and *Keefe A. Brooks*), for defendant.

Before: HOOD, P.J., and WAHLS and J. T. KALLMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an involuntary dismissal pursuant to GCR 1963, 504.2 of their discrimination action brought under the Elliott-Larsen Civil Rights Act, MCL 37.2101

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*et seq.;* MSA 3.548(101) *et seq.* Defendant cross-appeals as of right.

Plaintiffs are black and former students at the University of Detroit Law School. The U of D refused to permit plaintiffs to register for classes beginning the 1983 fall term because plaintiffs' grade-point averages fell below 2.0, out of a maximum 4.0 average. On August 23, 1983, plaintiffs filed this class action asking the circuit court to enjoin the U of D from preventing their registration and seeking declaratory relief and money damages. Plaintiffs alleged that they were the victims of ingrained, systematic, and studied racism. Plaintiffs also alleged that, even if the U of D had not intended to discriminate, the effect of the U of D's grading practices and administrative rules disparately affected members of their class. Plaintiffs alleged that this racial discrimination, whether deliberate or not, violated § 402(1) of the Elliott-Larsen Civil Rights Act, MCL 37.2402(1); MSA 3.548(402)(1), which provides:

"An educational institution shall not:
"(a) Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex.
"(b) Exclude, expel, limit, or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, or privileges of the institution, because of religion, race, color, national origin, or sex."

On August 25, 1983, the trial court issued a preliminary injunction, compelling the U of D to register plaintiffs as students even though plaintiffs had failed to meet the law school's minimum academic requirements. On September 2, 1983, the

trial court entered an amended pretrial schedule order which provided an October 24, 1983, trial date for plaintiff's equitable claims. On September 23, 1983, the trial court certified plaintiffs' class. GCR 1963, 208. On that same date, plaintiffs filed a demand for a jury trial. On October 7, 1983, plaintiffs moved for an accelerated trial, and on October 21, 1983, the trial court granted the motion and ordered the trial on the equitable claims to begin December 5, 1983, and a trial on the legal issues to proceed pursuant to the general and local court rules.

On November 4, 1983, the trial court entered "conclusions of law" on plaintiffs' motion for a jury determination of the U of D's liability under the Elliott-Larsen Civil Rights Act. The trial court said:

"[I]t is the nature of the relief sought which determines the right to jury trial in a civil right case, not the fact that such a claim is historically a tort. Therefore, this Court rules that the Circuit Court has a duty to hear and decide factual issues without a jury on all complaints for equitable relief, and that such is the case in claims under the Elliott-Larsen Act.

"It only remains, then, to determine the precise nature of the Plaintiffs' Complaint, in order to apply the Michigan practice to this civil right case.

"It is textbook law under the English system of Jurisprudence that the determination of whether the nature of the jurisdiction of the court is equitable or legal is made by examination of the nature of the relief sought. Where, as in this case, the Complaint filed seeks 'preliminary injunction' and 'injunctive and declaratory relief as shall be proved appropriate', the jurisdiction of equity is unquestionable.

"Plaintiffs urge that their Complaint in this cause seeks equitable relief only temporarily during the pendancy of this action, and that it makes no request for permanent equitable relief. However, the Complaint

itself speaks differently, and is the controlling factor here. The Complaint in this cause, in fact, does seek relief both equitable in nature and legal in nature. The prayer for relief seeks, and the court has issued '(a) an immediate Preliminary Injunction pursuant to the provisions of GCR 718 * * *'. That relief was granted in equity. It further seeks, in paragraph (b), 'such injunctive and declaratory relief as shall be proved appropriate'. That, too, is equitable relief. It also asks, in paragraph (c) and (d) 'for such damages as shall be appropriate', and 'attorney fees * * * under MCL 27.2802' [sic]. The two latter are legal relief, that is, money damages.

"The fact that additional relief in the way of money damages and attorney fees is also sought in no way diminishes the equitable jurisdiction of the court to hear and determine the prayer for equitable relief under paragraphs (a) and (b) without a jury. In order to hear and determine those claims for equitable relief, the *court must first make findings of fact concerning the alleged violation by the Defendant of the Elliott-Larsen Act. Those laws claims simply place before the court the requirement to determine in the trial of the claims for equitable relief, certain issues of fact that are common to the trial of the law claims. The non-jury determination by the Court of those issues of fact which are common to the equity claims and to the law claims does not foreclose to Plaintiffs the subsequent trial by jury, in accord with Plaintiffs' Jury Demand previously filed pursuant to GCR 508, of the balance of the issues of fact that go to the proof of Plaintiffs' law claims for money damages.* Pursuant to Plaintiffs' demand properly filed under the court rules, the law claim is now set for jury trial under the procedures and time schedules established therein.

"The motion of the Plaintiffs for jury trial determination *of liability* under Elliott-Larsen Act is denied." (Emphasis added.)

A four-week trial on the equitable claims began on December 5, 1983. After plaintiffs presented proofs and rested, defendant moved for an involuntary dismissal pursuant to GCR 1963, 504.2. The

trial court granted that motion and dissolved the preliminary injunction on December 29, 1983. The trial court entered its findings of facts, conclusions of law, and judgment on the same date.

On January 3, 1984, plaintiffs filed a brief on appeal raising three issues. However, on January 12, 1984, plaintiffs filed a motion for an order of the trial court to provide for the filing of less than the full transcript of testimony and hearings on appeal. The trial court stated at the hearing on the motion that the entire transcript would have to be reviewed in order to resolve the second and third issues plaintiffs raised in their appellate brief. Plaintiffs said that they were not challenging the "chancellor's" findings, but only wished to appeal the question of their right to a jury trial. Therefore, the trial court entered an order which allowed plaintiffs to file a partial transcription of proceedings, conditioned upon plaintiffs' acceptance of its findings of fact.

The trial court found that the plaintiffs had not established that the U of D intentionally or deliberately discriminated against them. However, the trial court did find that the U of D's action did have a disparate effect on the members of plaintiffs' class. But the trial court also found that the evidence failed to show that any of the U of D's actions were taken because of the race of the plaintiffs. The trial court found that the U of D's actions were based upon academic factors and for academic reasons.

Plaintiffs' sole argument on appeal is that the trial court erred by entering an involuntary dismissal pursuant to GCR 1963, 504.2 of their legal claims under the Elliott-Larsen Civil Rights Act at the conclusion of a hearing on only the equitable claims when plaintiffs also sought a jury's determi-

nation of liability for money damages. We agree
and reverse.

Article 8 of the Elliott-Larsen Civil Rights Act
provides for direct court actions for equitable relief
and for damages. MCL 37.2801; MSA 3.548(801)
and MCL 37.2803; MSA 3.548(803). However, the
Elliott-Larsen Civil Rights Act does not expressly
provide the right to a jury. The U of D argues that
without such express legislation, plaintiffs are not
entitled to a jury trial because Michigan Courts
did not recognize a discrimination action against a
private educational institution before Michigan
adopted its constitution in 1963.

Const 1963, art 1, § 14 preserves the right to a
jury trial for causes of action which were part of
the common law prior to its adoption. *Friedman v
Dozorc,* 412 Mich 1, 60, fn 6; 312 NW2d 585 (1981),
citing *Conservation Dep't v Brown,* 335 Mich 343,
346; 55 NW2d 859 (1952). In *Brown,* the Court
said:

"Michigan Constitution 1908, art 2, § 13, provides, as
did Michigan's previous Constitutions, that 'The right of
trial by jury shall remain.' Thus the right to trial by
jury is preserved in all cases where it existed prior to
adoption of the Constitution. *Tabor v Cook,* 15 Mich 322
[(1867)]; *Swart v Kimball,* 43 Mich 443 [5 NW 635
(1880)]. The constitutional guaranty applies to cases
arising under statutes enacted subsequent to adoption
of the Constitution, which are similar in character to
cases in which the right to jury trial existed before the
Constitution was adopted. *Guardian Depositors Corp v
Darmstaetter,* 290 Mich 445 [288 NW 59 (1939)]. The
right to trial by jury, in cases where it existed prior to
adoption of the Constitution, may not be defeated by
enactment of a statute providing for trial on the chan-
cery side of issues formerly triable in proceedings at
law. *Tabor v Cook, supra; Edwards v Symons,* 65 Mich
348 [32 NW 796 (1887)]; *Kamman v City of Detroit,* 252
Mich 498 [233 NW 393 (1930)]. Where there are ques-

tions of fact to be determined and the issues are such that at common law a right to jury trial existed, that right cannot be destroyed by statutory change of the form of action or creation of summary proceedings to dispose of such issues without jury, in the absence of conduct amounting to waiver. See *Risser v Hoyt,* 53 Mich 185 [18 NW 611 (1884)].

"The precise question presented, then, is whether the proceedings here are of such character that a jury trial would have been available before adoption of the Constitution." 335 Mich 346-347.

Thus, the question is not whether Michigan courts recognized a discrimination action prior to the adoption of the 1963 constitution. Rather, the question we must ask in this case, or any other case brought under the Elliott-Larsen Civil Rights Act, is whether the cause of action asserted is similar in character to a cause of action for which the right to a jury trial existed before the 1963 constitution was adopted. We hold, as this Court in *King v General Motor Corp,* 136 Mich App 301, 308-309; 356 NW2d 626 (1984), held, that a jury trial on any legal claim is a litigant's right under the act.

In *Ferguson v Gies,* 82 Mich 358; 46 NW 718 (1890), the Court held that there was a common-law action for damages against a private proprietor of public accommodations, in that case a restaurant. The *Ferguson* Court noted that a penal act existed prohibiting discriminating acts in places of public accommodation. The Court did not limit a litigant's right to a civil or individual enforcement of that statute. Instead, the Court discussed the right each individual has under the common law to enforce individual civil rights. In *St John v General Motors Corp,* 308 Mich 333, 336; 13 NW2d 840 (1944), the Court recognized a common-law action for wage discrimination based

upon sex, a civil action enforcing a then-existing penal statute prohibiting sex-based discrimination:

"If plaintiff has suffered financial damage by reason of defendant's noncompliance with the mandatory provisions of the statute applicable to claimants' employment then civil action may be maintained. *Bolden v Grand Rapids Operating Corp.*, 239 Mich 318 (53 A.L.R. 183). The statute establishes specified personal civil rights and if there has been discrimination between sexes in the instances at bar the remedy by action at law is available to claimants."

See, also, *Pompey v General Motors Corp,* 385 Mich 537, 553; 189 NW2d 243 (1971).

The acts prohibited by the statutes addressed in *Ferguson* and *St John* are now prohibited by the Elliott-Larsen Civil Rights Act. In addition, Elliott-Larsen prohibits discriminatory acts perpetrated by educational institutions such as the U of D. This additional prohibition does not lessen the fact that cases brought under Elliott-Larsen are similar in character to the actions brought in *Ferguson* and *St John.* Thus, common-law actions for damages for similar discriminatory acts were recognized prior to the adoption of the 1963 constitution. Therefore, plaintiffs did indeed have the right to have a jury determine their action for damages in this case.

The U of D next argues that, even if plaintiffs were entitled to a jury determination of their legal claims under Elliott-Larsen, plaintiffs are bound by the lower court's findings and conclusions. The U of D argues that the lower court had the authority under GCR 1963, 508.3, to set the sequence of issues tried. Thus, argues the U of D, if the trial court decides to hear the equitable claims first and finds facts, a subsequent jury hearing legal claims is bound by those facts and is limited to determin-

ing the amount of damages if the court found liability. The U of D argues that, because the trial court found that the U of D did not have any liability and had not violated the provision of the Elliott-Larsen Civil Rights Act, plaintiffs did not have a need for a jury trial on the issue of damages.

We disagree. First, GCR 1963, 508.3 states that a trial court shall determine the sequence in which issues are to be tried but only while "preserving at all times the constitutional right to trial by jury". Furthermore, we find the U of D's interpretation of *Abner Wolf Inc v Walch,* 385 Mich 253; 188 NW2d 544 (1971), incorrect. Instead, we find the interpretation of that case given in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1984 pocket part, p 149 correct:

"As stated at page 422 of the principal volume, when a common issue of fact is involved in an equitable claim and a legal counterclaim, *the practice in the federal courts is to try the common issue to a jury, in order to preserve the Seventh Amendment right to the trial by jury.* See *Beacon Theatres, Inc v Westover,* [359 US 500; 79 S Ct 948; 3 L Ed 2d 988 (1959)] and *Dairy Queen, Inc v Wood,* [369 US 469; 82 S Ct 894; 8 L Ed 2d 44 (1962)], as cited at page 422 of the principal volume. A recent opinion by Justice BLACK of the Michigan Supreme Court emphasizes that *these federal decisions are not necessarily determinative of Michigan practice. Abner Wolf, Inc v Walch,* 385 Mich 253; 188 NW2d 544 (1971).

"The *Abner Wolf* case involved an equity action by a wholesale grocery supplier to foreclose real estate and chattel mortgages securing accounts for merchandise sold to the defendant retailer. The defendant counterclaimed for damages for misrepresentation, breach of contract, and wrongful interference with business. In response to defendant's demand for a jury trial, the judge submitted all issues to the jury which returned general verdicts against both parties on their respective claims and counterclaims. The trial judge treated the

jury verdict as advisory on the foreclosure claims and entered his own decretal judgment against plaintiffs on those claims, presumably finding that nothing was owed on the accounts as implied by the jury's general verdict. On appeal the Supreme Court ruled that the trial judge correctly gave its own decretal judgment on plaintiff's claims, treating the jury verdict as advisory, but the case was remanded to the trial court for specific findings of fact as a basis for the decretal judgment. *Ibid.*

"Justice BLACK's opinion emphasizes that in Michigan there is a constitutional right to decision by the chancellor on issues of fact in equity claims, which is as sacred as the right to jury trial of fact issue in law claims. *Apparently, then, when the same issue of fact is common to both an equitable claim and a legal counterclaim, the issue cannot be disposed of simply by giving priority to the right to a jury trial, as in federal practice. While defendant has a right to jury trial as of that issue in connection with his counterclaim, plaintiff also has a right to have the judge decide the same issue independently in connection with the equitable claim, giving to the jury's finding no more effect than that of an advisory jury in equity practice. While this implies the startling possibility of contradictory findings in the same case on the common issue of fact, this apparently is a consequence which must be accepted if each party has a constitutional right to a different mode of trial.*" (Emphasis added.)

Therefore, in a case such as this where both equitable issues and jury submissible issues coexist, the proper procedure is to hold trial before a jury and follow presentation of evidence with two separate factual determinations; court factfinding on the equitable claims and jury factfinding on the claims of damages.

We find that the lower court erred by failing to hold a trial in this manner. Plaintiffs are not bound by the court's factfinding on their claim for damages and are entitled on remand to a separate jury trial on that claim.

We find no merit to the U of D's "collateral estoppel" claim, which properly should be referred to as the "law of the case", in view of our above holding regarding proper method of trial of cases involving both judge and jury submissible questions.

The U of D next argues that a remand for a jury trial would be unnecessary because plaintiffs failed to present a prima facie case of an Elliott-Larsen violation. Thus, the U of D argues that the trial court would have directed a verdict for the U of D based on its findings and conclusions.

The U of D cannot rely on the trial court's findings. The standard of review of facts for a GCR 1963, 504.2 involuntary dismissal is substantially different than a review of evidence on a motion for directed verdict. When reviewing a motion for a directed verdict, a trial court must view the evidence in a light most favorable to the party opposing the motion. *Ransford v The Detroit Edison Co,* 124 Mich App 537, 542; 335 NW2d 211 (1983); *Rickrode v Wistinghausen,* 128 Mich App 240, 244; 340 NW2d 83 (1983). When reviewing a motion brought under GCR 1963, 504.2, a court sitting without a jury may review and *weigh* the evidence. *Angelo Iafrate Co v M & K Development Co,* 80 Mich App 508, 512-513; 264 NW2d 45 (1978). Thus, because of the different standards of review, we cannot rely upon the trial court's findings to decide whether it would have directed a verdict.

For the law regarding disparate treatment and disparate impact, we refer the parties and lower court to *Pompey v GMC, supra, Farmington Education Ass'n v Farmington School Dist,* 133 Mich App 566, 573-574; 351 NW2d 242 (1984), and the new jury instructions regarding Elliott-Larsen actions.

Finally, we agree with the U of D's argument that the trial court erred by certifying as members of plaintiffs' class individuals whose actions are barred by the running of the applicable statutory period of limitation. See *Citizens for Pre-Trial Justice v Golfarb,* 88 Mich App 519, 535; 278 NW2d 653 (1979), *modified in part* 415 Mich 255; 327 NW2d 910 (1982). Thus, on remand the plaintiffs' class should not include individuals whose claims are time barred. However, plaintiffs should be granted leave to amend their complaint to allege any applicable tolling provision.

Reversed and remanded.

J. T. Kallman, J. *(concurring).* I concur in the result reached by the majority. This Court has ruled that a litigant is entitled to a trial by jury in a suit for damages under the Elliott-Larsen Civil Rights Act. *King v General Motors Corp,* 136 Mich App 301, 308; 356 NW2d 626 (1984). Therefore, in order to preserve this right, as the majority states, the proper procedure is to hold trial before a jury and then have a court determination of the equitable claims and a jury determination of the legal claim for damages. The plaintiffs in the present case do not challenge the trial court's findings on their equitable claims. Therefore, the trial court's decision on plaintiffs' claim for equitable relief stands. However, since the plaintiffs were denied a jury determination of their claim for damages, I agree with the majority that this case must be remanded for a new trial on plaintiffs' claim for damages.

In a case such as this, there is great potential for confusion and contradictory findings. The judge, in the exercise of his equity jurisdiction, may find that there is a civil rights violation, while the jury, in the exercise of its factfinding

function on legal claims, may find that there is no violation, or vice-versa. While it appears to defy logic and common sense, I agree with the majority's interpretation of Justice BLACK's opinion in *Abner Wolf Inc v Walch,* 385 Mich 253; 188 NW2d 544 (1971), and the commentary in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1984 pocket part, p 146. It would appear that this is a problem which should be addressed by the Michigan Legislature.